UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZOEY METZNER, DOMINIC GRAVINO, DAVE BRUNEAU, and RICHARD HOTTER, individually and on behalf of all others similarly situated, : : : : : | CIVIL NO. 3:20-cv-00784-KAD |
| Plaintiffs, : : | |
| v.  : : | OCTOBER 5, 2020 |
| QUINNIPIAC UNIVERSITY, : : : | |
| Defendant. : | |

**THE DEFENDANT QUINNIPIAC UNIVERSITY'S**
<u>**MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant Quinnipiac University ("Quinnipiac"), by and through its counsel, hereby moves to dismiss the First Amended Class Action Complaint (Dkt. 25), in its entirety, for failure to state a claim upon which relief may be granted. The grounds for this motion, which are more fully stated in the accompanying memorandum of law, are as follows:

*First*, all of the Plaintiffs' claims—for breach of contract, breach of implied contract, unjust enrichment, and conversion—hinge on the allegation that the Plaintiffs received an education that was worth less than what they paid because of the transition to online learning. This claim for educational malpractice is precluded under well-established law, which bars judicial interference in disputes over educational decisions or the quality or effectiveness of an institution's instruction. These precedents are grounded in the principle that a university has the academic freedom "to make its own judgment as to education." *Grutter v. Bollinger*, 539 U.S.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

306, 329 (2003) (citations omitted). Indeed, the United States Supreme Court has recognized that the "four essential freedoms of a university" include the right "to determine for itself on academic grounds who may teach, what may be taught, ***how it shall be taught***, and who may be admitted to study." *Regents v. Univ. of Cal. v. Bakke*, 438 U.S. 265, 312 (1978) (emphasis added) (quotation omitted). An analysis by this Court or a jury of any of the Plaintiffs' claims would constitute an impermissible intrusion on Quinnipiac's educational autonomy to determine, among other things, how its students are best taught. This type of analysis is barred by the educational malpractice doctrine. On that basis alone, this motion should be granted.

*Second*, the Plaintiffs have failed to state a claim for breach of contract because, despite an amendment of the Complaint, they have not identified a specific identifiable promise to either exclusively provide in-person on-campus instruction (even during a pandemic) or to provide a prorated refund of tuition and fees in the event an instructional format change becomes necessary. None of the provisions of Quinnipiac's 2019-2020 Official Bulletin ("Bulletin") that the Plaintiffs cite in the Amended Complaint is a specific promise to provide in-person on-campus instruction at all times. Nor is there any provision in the Bulletin that governs the manner or format in which Quinnipiac was to deliver education or services to its students. The Plaintiffs cite only broad aspirational language in the Bulletin regarding the residential on-campus experience. In contrast, specific provisions of the Bulletin make clear that tuition refunds are only available in certain limited situations—none of which apply here. The Bulletin does ***not*** provide that refunds are available if the means of instruction changes or if a student is dissatisfied with how a class was taught. The Plaintiffs have also failed to state a breach of contract claim because they have not adequately alleged that the educational program provided by Quinnipiac was defective in a fundamental respect that is objectively measurable, or that

Quinnipiac acted in bad faith by closing its campus and transitioning to online learning in response to the pandemic (to the contrary, the Plaintiffs expressly acknowledge that this decision was justified).

*Third*, the Plaintiffs' unjust enrichment claim cannot be sustained because there is an enforceable contract that regulates the relations of the parties, because they have not alleged the existence of an illusory contract, and because there are no allegations to support the claim that Quinnipiac unjustly retained non-gratuitous benefits conferred by the Plaintiffs.

*Finally*, the Plaintiffs have failed to state a claim for conversion because their assertion that they are entitled to a refund of tuition and fees sounds in contract, not the tort of conversion. The Plaintiffs' conversion claim is also unsupportable because they have not alleged sufficient facts to establish that the money they allege that they are owed belonged to them at all times, and because they have not specifically identified the amount of money that has been wrongfully withheld.

WHEREFORE, for these reasons and the reasons discussed more fully in the accompanying Memorandum of Law, the Defendant Quinnipiac University respectfully requests that its Motion to Dismiss be granted and the First Amended Class Action Complaint be dismissed with prejudice.

        DEFENDANT,
        QUINNIPIAC UNIVERSITY

        By   */s/ Edward J. Heath*
           Edward J. Heath (ct20992)
           Wystan M. Ackerman (ct24090)
           Elizabeth R. Leong (ct24453)
           Dan A. Brody (ct30301)
           Robinson & Cole LLP
           280 Trumbull Street
           Hartford, CT 06103-3597
           Tel. No.: (860) 275-8200
           Fax No.: (860) 275-8299
           E-mail: eheath@rc.com;
           wackerman@rc.com; eleong@rc.com;
           dbrody@rc.com

## CERTIFICATION

I hereby certify that on October 5, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                              */s/ Edward J. Heath*
                                                                              Edward J. Heath