UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZOEY METZNER, DOMINIC GRAVINO, DAVE BRUNEAU, and RICHARD HOTTER, individually and on behalf of all others similarly situated, | : : : : CIVIL NO. 3:20-cv-00784 |
| Plaintiffs, | : |
| V. | : |
| QUINNIPIAC UNIVERSITY, | : OCTOBER 12, 2020 |
| Defendant. | : |

**QUINNIPIAC UNIVERSITY'S RENEWED MOTION TO STAY DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(c)(1)(A) and the Court's inherent authority, the Defendant Quinnipiac University ("Quinnipiac") hereby moves for an order staying discovery pending the Court's ruling on Quinnipiac's Motion to Dismiss the First Amended Class Action Complaint, which was filed on October 5, 2020.[1] (*See* Dkt. 35, 36.) The Motion to Dismiss seeks dismissal of the Plaintiffs' First Amended Class Action Complaint ("Amended Complaint") in its entirety and is based on substantial grounds. Specifically, and as detailed in the Motion to Dismiss, all of the Plaintiffs' claims are subject to dismissal under the educational malpractice doctrine. Moreover, each of the Plaintiffs' specific causes of action—for breach of contract, breach of implied contract, unjust enrichment, and conversion—fails to state a claim for other independent reasons.

---

[1] Quinnipiac previously moved to dismiss the original Complaint and filed a motion to stay discovery pending adjudication of that motion. The Plaintiff's amendment of the Complaint rendered Quinnipiac's first motion to dismiss moot and Quinnipiac withdrew its prior motion to stay discovery. (Dkt. 33, 34.)

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

As the Supreme Court has explained, "[b]ecause respondent's complaint is deficient under Rule 8, **he is not entitled to discovery**, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (emphasis added). And as the Second Circuit has explained, "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs. v. NSC*, 811 F.3d 542, 567 (2d Cir. 2016).

Accordingly, Quinnipiac respectfully seeks an order staying discovery pending the Court's ruling on its Motion to Dismiss. If discovery proceeds and the Plaintiffs' Amended Complaint is later dismissed, the parties will have wasted substantial unnecessary time and expense. If this case were to survive the Motion to Dismiss, any subsequent discovery would be narrowly focused on the issue(s), if any, that remain in this case. If the Motion to Dismiss is denied in its entirety, then the Plaintiffs will have ample opportunity to conduct all of the discovery to which they are entitled at that time. This is what the Supreme Court and Second Circuit have advised district courts to do, and it is consistent with the Court's obligation to "secure the just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1.

WHEREFORE, for these reasons and the reasons set forth in the accompanying memorandum of law, Quinnipiac University respectfully requests that the Court enter an order staying discovery until the Court rules on Quinnipiac's Motion to Dismiss.

DEFENDANT,
QUINNIPIAC UNIVERSITY,

By   */s/ Edward J. Heath*
  Edward J. Heath (ct20992)
  Wystan M. Ackerman (ct24090)
  Elizabeth R. Leong (ct24453)
  Dan A. Brody (ct30301)
  Robinson & Cole LLP
  280 Trumbull Street
  Hartford, CT 06103-3597
  Tel. No.: (860) 275-8200
  Fax No.: (860) 275-8299
  E-mail: eheath@rc.com;
  wackerman@rc.com; eleong@rc.com;
  dbrody@rc.com

- 4 -

**CERTIFICATION**

      I hereby certify that on October 12, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ Edward J. Heath*
                                              Edward J. Heath