UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZOEY METZNER and DOMINIC GRAVINO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>QUINNIPIAC UNIVERSITY,<br><br>                Defendant. | Case No. 3:20-cv-00784<br><br>Honorable Kari A. Dooley |

**STIPULATION AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED THAT:

    1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that Local Civil Rule 5(e) governs the circumstances under which confidential information may be filed under seal.

    2.    **DEFINITIONS**

    2.1    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of

information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or other state laws, rules, or regulations. Personally identifiable information protected by the Family Education Rights and Privacy Act, 20 U.S.C. §§ 1232g, 34 CFR Part 99 ("FERPA") may be redacted by the Parties, except that personally identifiable information of the Plaintiffs need not be redacted.

2.3     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: A Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or designated by a Party or its counsel to provide expert testimony or to serve as a consulting expert in this action.

2.8     House Counsel: Attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: Attorneys who are not employees of a Party to this

action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.11    Party: Any party to this action, including all of its officers, directors, employees, trustees, consultants, experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: Persons or entities who provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, conducting focus groups, and organizing, storing, or retrieving data) and their employees and subcontractors.

2.14    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party or Non-Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or thwart the case development process or to impose unnecessary expenses and burdens) expose the Designating Party to sanctions.

If it comes to a Designating Party's or Non-Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that

it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page of any document that contains protected material.

A Party or Non-Party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page of the document that contains Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is

5

entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the transcriptto identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the above-referenced time period shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of the transcript, that the entire transcript shall be treated as "CONFIDENTIAL."

The use of a document as an exhibit at a deposition shall not affect its designation as "CONFIDENTIAL".

Transcripts containing Protected Material shall have a prominent legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed by all Parties. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

6

"CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to treat the material in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of "CONFIDENTIAL" at any time, including a Designating Party's redaction of personally identifiable information under FERPA. Unless a prompt challenge to a Designating Party's "CONFIDENTIAL" designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within seven days of the Parties' conference. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. Following the meet-and-confer process, tf the Parties cannot resolve a challenge without court intervention, the Challenging Party may apply to the Court for relief. .

Any such motion must be filed in accordance with all applicable court rules of procedure, including Local Rule of Civil Procedure 5(e).Upon any such application, the burden of persuasion in any challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, trustees, employees, and insurers (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel and court reporters and their staff;

(e) professional jury or trial consultants or focus group participants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, non-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any other person to whom the Designating Party or Non-Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena, discovery request, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, discovery request, or court order;

(b) promptly notify in writing the party who caused the subpoena, discovery request, or court order to issue in the other litigation that some or all of the material covered by the subpoena, discovery request, or court order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party or Non-Party in this case an opportunity to try to protect its confidentiality interests in the court from which the discovery request, subpoena, or court order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order shall not produce any information designated in this

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, through inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person(s) execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection and the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

11. **DISPOSITIVE AND CLASS CERTIFICATION MOTIONS, HEARINGS, AND TRIAL**

The terms of this Stipulated Protective Order shall govern in all circumstances except for the presentations of evidence and argument in dispositive and class certification motions, at hearings, and at trial. In the Parties' filings, the Receiving Party shall file any Producing Party's "CONFIDENTIAL" material under seal pursuant to paragraph 12.3. However, applicable law, and not this Order, governs the ultimate sealing of such filings. In connection with hearings and trial, the Parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. And no Party waives any right it would otherwise have to move for a judicial order concerning release of information protected under FERPA.

12.3 <u>Filing Protected Material</u>. In the event that any Receiving Party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another Party or Non-Party's "CONFIDENTIAL" information, the papers shall be appropriately designated pursuant to paragraph 5.2. Documents, papers and transcripts filed with the Court which contain any other Party or Non-Party's

"CONFIDENTIAL" information shall be provisionally lodged under seal with the Court, in accordance with the procedures set forth in United States District Court for the District of Connecticut Local Civil Rule 5(e) and in compliance with the Electronic Case Filing Procedures for the District of Connecticut. Within ten (10) business days of the materials being lodged with the Court, the Party claiming protection shall file a motion to seal setting forth the bases for sealing and proper applicable authority.

13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in section 4, each Receiving Party must, at the option of the Producing Party, return all Protected Material to the Producing Party or destroy all Protected Material in its possession. If requested by a Producing Party or Designating Party within 60 days after the final disposition of this action, the Receiving Party must certify in writing to the Producing Party or Designating Party that it has complied with this provision. Notwithstanding this provision, Counsel may retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

14.    **ENFORCEMENT**

The Parties stipulate and agree that the United States District Court for the District of Connecticut has authority to enforce this Order and to resolve any dispute arising under it.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD FOR ALL PARTIES.

Dated: August 13, 2021

| ROBINSON & COLE LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| By: */s/ Elizabeth R. Leong (with permission)*<br>    Edward J. Heath (ct20992)<br>    Wystan M. Ackerman (ct24090)<br>    Elizabeth R. Leong (ct24453)<br>    Dan A. Brody (ct30301)<br>    280 Trumbull Street<br>    Hartford, CT 06103-3597<br>    Tel. No.: (860) 275-8200<br>    Fax No.: (860) 275-8299<br>    E-mail: eheath@rc.com;<br>    wackerman@rc.com; eleong@rc.com;<br>    dbrody@rc.com<br><br>*Attorneys for Defendant Quinnipiac University* | By: */s/ Daniel J. Kurowski*<br>    Daniel J. Kurowski (*Pro Hac Vice*)<br>    Whitney K. Siehl (*Pro Hac Vice*)<br>    455 N. Cityfront Plaza Dr., Suite 2410<br>    Chicago, IL 60611<br>    (708) 628-4949<br>    dank@hbsslaw.com<br>    whitneys@hbsslaw.com<br><br>BURSOR & FISHER, P.A.<br>Alec M. Leslie (*Pro Hac Vice*)<br>888 Seventh Avenue<br>New York, NY 10019<br>(646) 837-7150<br>aleslie@bursor.com<br><br>IZARD KINDALL & RAABE<br>Craig A. Raabe (ct04116)<br>29 South Main Street, Suite 305<br>West Hartford, CT 06107<br>T: (860) 493-6292<br>F: (860) 493-6290<br>craabe@ikrlaw.com<br><br>*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated* |

**IT IS SO ORDERED.**

DATED: August 16, 2021

/s/

Hon. Kari A. Dooley
UNITED STATES DISTRICT JUDGE

14

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Metzner v. Quinnipiac University* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____          Dated: _____
Signed

_____
Print name