**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ZOEY METZNER and DOMINIC GRAVINO, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>          v.<br><br>QUINNIPIAC UNIVERSITY,<br><br>                     Defendant. | Case No. 3:20-cv-00784-KAD<br><br>February 27, 2023 |

**DECLARATION OF JOSHUA D. ARISOHN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS**

I, Joshua D. Arisohn, hereby declare as follows:

1.       I am a partner with the law firm Bursor & Fisher, P.A. ("B&F"), co-counsel for Plaintiffs. I am admitted *pro hac vice* in this matter. I submit this declaration in support of Class Counsel's motion for an award of attorney fees in connection with services rendered in this action, as well as for payment of expenses incurred by my firm in connection with the action. I have personal knowledge of the facts stated in this declaration and, if called upon, could and would truthfully testify to these facts.

2.       Together with Hagens Berman Sobol Shapiro LLP and Izard Kindall & Raabe LLP, B&F is currently serving as one of three appointed co-lead Class Counsel in this action under the Court's Order Granting Preliminary Approval.  *See* ECF No. 125 at ¶ 8.

3.       B&F was involved in all aspects of the litigation from its inception through settlement. B&F has decades of experience prosecuting large class actions such as this case.

**Credentials of B&F**

4.       Attached as **Exhibit A** is a true and correct copy of the Firm Resume of B&F.

5.       Bursor & Fisher, P.A. has significant experience in litigating class actions of similar size, scope, and complexity to the instant action.  *See, e.g.*, Ex. A.  B&F has successfully obtained class settlements for students in similar COVID-19 tuition refund matters such as *Wright v. Southern New Hampshire Univ.*, 1:20-cv-00609-LM (D.N.H. 2021); *Martin v. Lindenwood Univ.*, 4:20-cv-01128-RLW (E.D. Mo. 2022); *Fiore v. Univ. of Tampa*, 7:20-cv-03744-CS (S.D.N.Y.) and *Rocchio, et al. v. Rutgers, The State University of New Jersey*, No. MID-L-003039-20 (N.J Law Div. Feb. 4, 2022).

6.       Moreover, B&F has also been recognized by courts across the country for its expertise.  (*See* Ex. A); *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.")[1].

**B&F's Lodestar and Expenses**

7.       Since 2020, B&F has invested significant time, effort, and resources to the litigation with no compensation.

8.       Cognizant of the risk of nonpayment, B&F still took this case on a pure contingency basis and committed substantial resources of attorney and staff time towards investigating and litigating this action.

---

[1] Bursor & Fisher has since won a sixth jury verdict in *Perez v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR (N.D. Cal.), for $267 million.

9.      The schedule attached hereto as **Exhibit B** is a true and correct copy of a detailed summary indicating the amount of time spent by each B&F attorney and professional support staff employee who devoted hours to the action from its inception through and including December 14, 2022, and the lodestar calculation for those individuals based on their current hourly rates. For personnel who are no longer employed by B&F, the lodestar calculation is based upon the hourly rates for such personnel in their final year of employment with my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by B&F.

10.      As a partner responsible for supervising my firm's work on this case, I reviewed these time and expense records to prepare this declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation. Because of this review, reductions were made in the exercise of counsel's judgment. In addition, all time expended in preparing this application for fees and expenses has been excluded.

11.      Following this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as stated in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, based on my experience in similar litigation, the expenses are all of a type that would normally be billed to a fee-paying client in the private legal marketplace.

12.      The hourly rates for the B&F attorneys and professional support staff employees included in Exhibit B are their standard rates and are the same as, or comparable to, the rates submitted by my firm and accepted by courts for lodestar cross-checks in other class action fee

applications. My firm's rates are set based on periodic analysis of rates used by firms performing

comparable work and that have been approved by courts. Different timekeepers within the same

employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based

on a variety of factors, including years of practice, years at the firm, year in the current position

(*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly

experienced peers at our firm or other firms.

13.     The total number of hours expended on this action by my firm from the inception

of the case through and including December 14, 2022, is 255.5 hours. The total lodestar for B&F

for that period is $179,485.00. B&F's lodestar figures are based upon the firm's hourly rates

described above, which do not include expense items. Expense items are recorded separately,

and these amounts are not duplicated in B&F's hourly rates.

14.     As detailed in **Exhibit C**, B&F also incurred a total of $33,592.25 in expenses in

connection with this action.

15.     The expenses reflected in Exhibit C are the expenses actually incurred by B&F.

Further, with respect to charges for online research, charges reflected are for out-of-pocket

payments to the vendors for research done in connection with this litigation.

16.     The expenses incurred in this action are reflected in the records of my firm, which

are regularly prepared and maintained in the ordinary course of business. These records are

prepared from expense vouchers, check records, and other source materials and are an accurate

record of the expenses incurred.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 27, 2023

_____
   Joshua D. Arisohn

**EXHIBIT A**



www.bursor.com

701 BRICKELL AVENUE     888 SEVENTH AVENUE     1990 NORTH CALIFORNIA BLVD.
MIAMI, FL 33131     NEW YORK, NY 10019     WALNUT CREEK, CA 94596

## **FIRM RESUME**

With offices in Florida, New York, and California, BURSOR & FISHER lawyers have represented both plaintiffs and defendants in state and federal courts throughout the country.

The lawyers at our firm have an active civil trial practice, having won multi-million-dollar verdicts or recoveries in six of six class action jury trials since 2008. Our most recent class action trial victory came in May 2019 in *Perez v. Rash Curtis & Associates*, in which Mr. Bursor served as lead trial counsel and won a $267 million jury verdict against a debt collector found to have violated the Telephone Consumer Protection Act. During the pendency of the defendant's appeal, the case settled for $75.6 million, the largest settlement in the history of the Telephone Consumer Protection Act.

In August 2013 in *Ayyad v. Sprint Spectrum L.P.*, in which Mr. Bursor served as lead trial counsel, we won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc. (II)*, we obtained a $50 million jury verdict in favor of a certified class of 150,000 purchasers of the Avacor Hair Regrowth System. The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009, and the largest in any class action.

The lawyers at our firm have an active class action practice and have won numerous appointments as class counsel to represent millions of class members, including customers of Honda, Verizon Wireless, AT&T Wireless, Sprint, Haier America, and Michaels Stores as well as purchasers of Avacor™, Hydroxycut, and Sensa™ products. Bursor & Fisher lawyers have been court-appointed Class Counsel or Interim Class Counsel in:

1. *O'Brien v. LG Electronics USA, Inc.* (D.N.J. Dec. 16, 2010) to represent a certified nationwide class of purchasers of LG French-door refrigerators,

2. *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011) to represent a certified nationwide class of consumers who made in-store purchases at Michaels Stores using a debit or credit card and had their private financial information stolen as a result,

3. *In re Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011) to represent a certified class of purchasers of mislabeled freezers from Haier America Trading, LLC,

4. *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011) to represent a certified nationwide class of military personnel against CitiMortgage for illegal foreclosures,

5. *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012) to represent a certified nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste,

6. *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012) to represent a proposed nationwide class of purchasers of mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers,

7. *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012) to represent a certified nationwide class of purchasers of Sensa weight loss products,

8. *In re Sinus Buster Products Consumer Litig.* (E.D.N.Y. Dec. 17, 2012) to represent a certified nationwide class of purchasers,

9. *Ebin v. Kangadis Food Inc.* (S.D.N.Y. Feb. 25, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

10. *Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014) to represent a certified nationwide class of purchasers of children's homeopathic cold and flu remedies,

11. *Ebin v. Kangadis Family Management LLC, et al.* (S.D.N.Y. Sept. 18, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

12. *In re Scotts EZ Seed Litig.* (S.D.N.Y. Jan. 26, 2015) to represent a certified class of purchasers of Scotts Turf Builder EZ Seed,

13. *Dei Rossi v. Whirlpool Corp., et al.* (E.D. Cal. Apr. 28, 2015) to represent a certified class of purchasers of mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers,

14. *Hendricks v. StarKist Co.* (N.D. Cal. July 23, 2015) to represent a certified nationwide class of purchasers of StarKist tuna products,

15. *In re NVIDIA GTX 970 Graphics Card Litig.* (N.D. Cal. May 8, 2015) to represent a proposed nationwide class of purchasers of NVIDIA GTX 970 graphics cards,

16. *Melgar v. Zicam LLC, et al.* (E.D. Cal. March 30, 2016) to represent a certified ten-jurisdiction class of purchasers of Zicam Pre-Cold products,

17. *In re Trader Joe's Tuna Litigation* (C.D. Cal. December 21, 2016) to represent purchaser of allegedly underfilled Trader Joe's canned tuna.

18. *In re Welspun Litigation* (S.D.N.Y. January 26, 2017) to represent a proposed nationwide class of purchasers of Welspun Egyptian cotton bedding products,

19. *Retta v. Millennium Products, Inc.* (C.D. Cal. January 31, 2017) to represent a certified nationwide class of Millennium kombucha beverages,

20. *Moeller v. American Media, Inc.*, (E.D. Mich. June 8, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

21. *Hart v. BHH, LLC* (S.D.N.Y. July 7, 2017) to represent a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers,

22. *McMillion v. Rash Curtis & Associates* (N.D. Cal. September 6, 2017) to represent a certified nationwide class of individuals who received calls from Rash Curtis & Associates,

23. *Lucero v. Solarcity Corp.* (N.D. Cal. September 15, 2017) to represent a certified nationwide class of individuals who received telemarketing calls from Solarcity Corp.,

24. *Taylor v. Trusted Media Brands, Inc.* (S.D.N.Y. Oct. 17, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

25. *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017) to represent a proposed nationwide class of purchasers of cosmetic products,

26. *Gastelum v. Frontier California Inc.* (S.F. Superior Court February 21, 2018) to represent a certified California class of Frontier landline telephone customers who were charged late fees,

27. *Williams v. Facebook, Inc.* (N.D. Cal. June 26, 2018) to represent a proposed nationwide class of Facebook users for alleged privacy violations,

28. *Ruppel v. Consumers Union of United States, Inc.* (S.D.N.Y. July 27, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

29. *Bayol v. Health-Ade* (N.D. Cal. August 23, 2018) to represent a proposed nationwide class of Health-Ade kombucha beverage purchasers,

30. *West v. California Service Bureau* (N.D. Cal. September 12, 2018) to represent a certified nationwide class of individuals who received calls from California Service Bureau,

31. *Gregorio v. Premier Nutrition Corporation* (S.D.N.Y. Sept. 14, 2018) to represent a nationwide class of purchasers of protein shake products,

32. *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast* (S.D.N.Y. Oct. 24, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

33. *Bakov v. Consolidated World Travel Inc. d/b/a Holiday Cruise Line* (N.D. Ill. Mar. 21, 2019) to represent a certified class of individuals who received calls from Holiday Cruise Line,

34. *Martinelli v. Johnson & Johnson* (E.D. Cal. March 29, 2019) to represent a certified class of purchasers of Benecol spreads labeled with the representation "No Trans Fat,"

35. *Edwards v. Hearst Communications, Inc.* (S.D.N.Y. April 24, 2019) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

36. *Galvan v. Smashburger* (C.D. Cal. June 25, 2019) to represent a proposed class of purchasers of Smashburger's "Triple Double" burger,

37. *Kokoszki v. Playboy Enterprises, Inc.* (E.D. Mich. Feb. 7, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

38. *Russett v. The Northwestern Mutual Life Insurance Co.* (S.D.N.Y. May 28, 2020) to represent a class of insurance policyholders that were allegedly charged unlawful paper billing fees,

39. *In re: Metformin Marketing and Sales Practices Litigation* (D.N.J. June 3, 2020) to represent a proposed nationwide class of purchasers of generic diabetes medications that were contaminated with a cancer-causing carcinogen,

**BURSOR&FISHER**
P.A.

40. *Hill v. Spirit Airlines, Inc.* (S.D. Fla. July 21, 2020) to represent a proposed nationwide class of passengers whose flights were cancelled by Spirit Airlines due to the novel coronavirus, COVID-19, and whose tickets were not refunded,

41. *Kramer v. Alterra Mountain Co.* (D. Colo. July 31, 2020) to represent a proposed nationwide class of purchasers to recoup the unused value of their Ikon ski passes after Alterra suspended operations at its ski resorts due to the novel coronavirus, COVID-19,

42. *Qureshi v. American University* (D.D.C. July 31, 2020) to represent a proposed nationwide class of students for tuition and fee refunds after their classes were moved online by American University due to the novel coronavirus, COVID-19,

43. *Hufford v. Maxim Inc.* (S.D.N.Y. Aug. 13, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

44. *Desai v. Carnegie Mellon University* (W.D. Pa. Aug. 26, 2020) to represent a proposed nationwide class of students for tuition and fee refunds after their classes were moved online by Carnegie Mellon University due to the novel coronavirus, COVID-19,

45. *Heigl v. Waste Management of New York, LLC* (E.D.N.Y. Aug. 27, 2020) to represent a class of waste collection customers that were allegedly charged unlawful paper billing fees,

46. *Stellato v. Hofstra University* (E.D.N.Y. Sept. 18, 2020) to represent a proposed nationwide class of students for tuition and fee refunds after their classes were moved online by Hofstra University due to the novel coronavirus, COVID-19,

47. *Kaupelis v. Harbor Freight Tools USA, Inc.* (C.D. Cal. Sept. 23, 2020), to represent consumers who purchased defective chainsaws,

48. *Soo v. Lorex Corporation* (N.D. Cal. Sept. 23, 2020), to represent consumers whose security cameras were intentionally rendered non-functional by manufacturer,

49. *Miranda v. Golden Entertainment (NV), Inc.* (D. Nev. Dec. 17, 2020), to represent consumers and employees whose personal information was exposed in a data breach,

50. *Benbow v. SmileDirectClub, Inc.* (Cir. Ct. Cook Cnty. Feb. 4, 2021), to represent a certified nationwide class of individuals who received text messages from SmileDirectClub, in alleged violation of the Telephone Consumer Protection Act,

51. *Suren v. DSV Solutions, LLC* (Cir. Ct. DuPage Cnty. Apr. 8, 2021), to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

52. *De Lacour v. Colgate-Palmolive Co.* (S.D.N.Y. Apr. 23, 2021), to represent a certified class of consumers who purchased allegedly "natural" Tom's of Maine products,

53. *Wright v. Southern New Hampshire University* (D.N.H. Apr. 26, 2021), to represent a certified nationwide class of students for tuition and fee refunds after their classes were moved online by Southern New Hampshire University due to the novel coronavirus, COVID-19,

54. *Sahlin v. Hospital Housekeeping Systems, LLC* (Cir. Ct. Williamson Cnty. May 21, 2021), to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

55. *Landreth v. Verano Holdings LLC, et al.* (Cir. Ct. Cook Cnty. June 2, 2021), to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act.

56. *Rocchio v. Rutgers, The State University of New Jersey*, (Sup. Ct., Middlesex Cnty. October 27, 201), to represent a certified nationwide class of students for fee refunds after their classes were moved online by Rutgers due to the novel coronavirus, COVID-19,

57. *Malone v. Western Digital Corp.*, (N.D. Cal. Dec. 22, 2021), to represent a class of consumers who purchased hard drives that were allegedly deceptively advertised,

58. *Jenkins v. Charles Industries, LLC*, (Cir. Ct. DuPage Cnty. Dec. 21, 2021) to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

59. *Frederick v. Examsoft Worldwide, Inc.*, (Cir. Ct. DuPage Cnty. Jan. 6, 2022) to represent a certified class of exam takers who used virtual exam proctoring software, in alleged violation of the Illinois Biometric Information Privacy Act,

60. *Isaacson v. Liqui-Box Flexibles, LLC, et al.*, (Cir. Ct. Will Cnty. Jan. 18, 2022) to represent a certified class of employees who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

61. *Goldstein et al. v. Henkel Corp.*, (D. Conn. Mar. 3, 2022) to represent a proposed class of purchasers of Right Guard-brand antiperspirants that were allegedly contaminated with benzene,

62. *McCall v. Hercules Corp.*, (N.Y. Sup. Ct., Westchester Cnty. Mar. 14, 2022) to represent a certified class of who laundry card purchasers who were allegedly subjected to deceptive practices by being denied cash refunds,

63. *Lewis v. Trident Manufacturing, Inc.*, (Cir. Ct. Kane Cnty. Mar. 16, 2022) to represent a certified class of workers who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act,

64. *Croft v. Spinx Games Limited, et al.*, (W.D. Wash. Mar. 31, 2022) to represent a certified class of Washington residents who lost money playing mobile applications games that allegedly constituted illegal gambling under Washington law,

65. *Fischer v. Instant Checkmate LLC*, (N.D. Ill. Mar. 31, 2022) to represent a certified class of Illinois residents whose identities were allegedly used without their consent in alleged violation of the Illinois Right of Publicity Act,

66. *Rivera v. Google LLC*, (Cir. Ct. Cook Cnty. Apr. 25, 2022) to represent a certified class of Illinois residents who appeared in a photograph in Google Photos, in alleged violation of the Illinois Biometric Information Privacy Act,

67. *Loftus v. Outside Integrated Media, LLC*, (E.D. Mich. May 5, 2022) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

68. *D'Amario v. The University of Tampa*, (S.D.N.Y. June 3, 2022) to represent a certified nationwide class of students for tuition and fee refunds after their classes were moved online by The University of Tampa due to the novel coronavirus, COVID-19,

69. *Fittipaldi v. Monmouth University*, (D.N.J. Sept. 22, 2022) to represent a certified nationwide class of students for tuition and fee refunds after their classes were moved online by Monmouth University due to the novel coronavirus, COVID-19,

70. *Armstead v. VGW Malta Ltd. et al.* (Cir. Ct. Henderson Cnty. Oct. 3, 2022) to present a certified class of Kentucky residents who lost money playing mobile applications games that allegedly constituted illegal gambling under Kentucky law,

71. *Cruz v. The Connor Group, A Real Estate Investment Firm, LLC*, (N.D. Ill. Oct. 26, 2022) to represent a certified class of workers who used a fingerprint clock-in system, in alleged violation of the Illinois Biometric Information Privacy Act;

72. *Delcid et al. v. TCP HOT Acquisitions LLC et al.* (S.D.N.Y. Oct. 28, 2022) to represent a certified nationwide class of purchasers of Sure and Brut-brand antiperspirants that were allegedly contaminated with benzene,

73. *Kain v. The Economist Newspaper NA, Inc.* (E.D. Mich. Dec. 15, 2022) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

74. *Strano v. Kiplinger Washington Editors, Inc.* (E.D. Mich. Jan. 6, 2023) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

75. *Moeller v. The Week Publications, Inc.* (E.D. Mich. Jan. 6, 2023) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act.

## SCOTT A. BURSOR

Mr. Bursor has an active civil trial practice, having won multi-million verdicts or recoveries in six of six civil jury trials since 2008. Mr. Bursor's most recent victory came in May 2019 in *Perez v. Rash Curtis & Associates*, in which Mr. Bursor served as lead trial counsel and won a $267 million jury verdict against a debt collector for violations of the Telephone Consumer Protection Act (TCPA).

In *Ayyad v. Sprint Spectrum L.P.* (2013), where Mr. Bursor served as lead trial counsel, the jury returned a verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc.* (2009), the jury returned a $50 million verdict in favor of the plaintiff and class represented by Mr. Bursor. The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009.

Class actions are rarely tried to verdict. Other than Mr. Bursor and his partner Mr. Fisher, we know of no lawyer that has tried more than one class action to a jury. Mr. Bursor's perfect record of six wins in six class action jury trials, with recoveries ranging from $21 million

to $299 million, is unmatched by any other lawyer.  Each of these victories was hard-fought against top trial lawyers from the biggest law firms in the United States.

Mr. Bursor graduated from the University of Texas Law School in 1996.  He served as Articles Editor of the Texas Law Review, and was a member of the Board of Advocates and Order of the Coif.  Prior to starting his own practice, Mr. Bursor was a litigation associate at a large New York based law firm where he represented telecommunications, pharmaceutical, and technology companies in commercial litigation.

Mr. Bursor is a member of the state bars of New York, Florida, and California, as well as the bars of the United States Court of Appeals for the Second, Third, Fourth, Sixth, Ninth and Eleventh Circuits, and the bars of the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central, Southern and Eastern Districts of California, the Southern and Middle Districts of Florida, and the Eastern District of Michigan.

### *Representative Cases*

Mr. Bursor was appointed lead or co-lead class counsel to the largest, 2nd largest, and 3rd largest classes ever certified.  Mr. Bursor has represented classes including more than 160 million class members, roughly 1 of every 2 Americans.  Listed below are recent cases that are representative of Mr. Bursor's practice:

Mr. Bursor negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and 2nd largest classes ever certified).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  These settlements are believed to be the most significant legal development affecting the telecommunications industry since 1968, when the FCC's Carterfone decision similarly opened up AT&T's wireline telephone network.

Mr. Bursor was the lead trial lawyer in *Ayyad v. Sprint Spectrum, L.P.* representing a class of approximately 2 million California consumers who were charged an early termination fee under a Sprint cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims. After a five-week combined bench-and-jury trial, the jury returned a verdict in June 2008 and the Court issued a Statement of Decision in December 2008 awarding the plaintiffs $299 million in cash and debt cancellation.  Mr. Bursor served as lead trial counsel for this class again in 2013 during a month-long jury trial in which Sprint asserted a $1.06 billion counterclaim against the class.  Mr. Bursor secured a verdict awarding Sprint only $18.4 million, the exact amount calculated by the class's damages expert.  This award was less than 2% of the damages Sprint sought, less than 6% of the amount of the illegal termination fees Sprint charged to class members.  In December 2016, after more than 13 years of litigation, the case was settled for $304 million, including $79 million in cash payments plus $225 million in debt cancellation.

Mr. Bursor was the lead trial lawyer in *White v. Cellco Partnership d/b/a Verizon Wireless* representing a class of approximately 1.4 million California consumers who were charged an early termination fee under a Verizon cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory

and common law claims.  In July 2008, after Mr. Bursor presented plaintiffs' case-in-chief, rested, then cross-examined Verizon's principal trial witness, Verizon agreed to settle the case for a $21 million cash payment and an injunction restricting Verizon's ability to impose early termination fees in future subscriber agreements.

Mr. Bursor was the lead trial lawyer in *Thomas v. Global Visions Products Inc.*  Mr. Bursor represented a class of approximately 150,000 California consumers who had purchased the Avacor® hair regrowth system.  In January 2008, after a four-week combined bench-and-jury trial. Mr. Bursor obtained a $37 million verdict for the class, which the Court later increased to $40 million.

Mr. Bursor was appointed class counsel and was elected chair of the Official Creditors' Committee in *In re Nutraquest Inc.*, a Chapter 11 bankruptcy case before Chief Judge Garrett E. Brown, Jr. (D.N.J.) involving 390 ephedra-related personal injury and/or wrongful death claims, two consumer class actions, four enforcement actions by governmental agencies, and multiple adversary proceedings related to the Chapter 11 case.  Working closely with counsel for all parties and with two mediators, Judge Nicholas Politan (Ret.) and Judge Marina Corodemus (Ret.), the committee chaired by Mr. Bursor was able to settle or otherwise resolve every claim and reach a fully consensual Chapter 11 plan of reorganization, which Chief Judge Brown approved in late 2006.  This settlement included a $12.8 million recovery to a nationwide class of consumers who alleged they were defrauded in connection with the purchase of Xenadrine® dietary supplement products.

Mr. Bursor was the lead trial lawyer in *In re: Pacific Bell Late Fee Litigation*.  After filing the first class action challenging Pac Bell's late fees in April 2010, winning a contested motion to certify a statewide California class in January 2012, and defeating Pac Bell's motion for summary judgment in February 2013, Mr. Bursor obtained final approval of the $38 million class settlement.  The settlement, which Mr. Bursor negotiated the night before opening statements were scheduled to commence, included a $20 million cash payment to provide refunds to California customers who paid late fees on their Pac Bell wireline telephone accounts, and an injunction that reduced other late fee charges by $18.6 million.

## L. TIMOTHY FISHER

L. Timothy Fisher has an active practice in consumer class actions and complex business litigation and has also successfully handled a large number of civil appeals.

Mr. Fisher has been actively involved in numerous cases that resulted in multi-million dollar recoveries for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and consumer fraud. With his partner Scott A. Bursor, Mr. Fisher has tried five class action jury trials, all of which produced successful results. In *Thomas v. Global Vision Products*, Mr. Fisher obtained a jury award of $50,024,611 — the largest class action award in California in 2009 and the second-largest jury award of any kind. In 2019, Mr. Fisher served as trial counsel with Mr. Bursor and his partner Yeremey Krivoshey in *Perez. v. Rash Curtis & Associates*, where the jury returned a verdict for $267 million in statutory damages under the Telephone Consumer Protection Act.

Mr. Fisher was admitted to the State Bar of California in 1997. He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit, the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the Northern District of Illinois, the Eastern District of Michigan, and the Eastern District of Missouri. Mr. Fisher taught appellate advocacy at John F. Kennedy University School of Law in 2003 and 2004.  In 2010, he contributed jury instructions, a verdict form and comments to the consumer protection chapter of Justice Elizabeth A. Baron's *California Civil Jury Instruction Companion Handbook* (West 2010). In January 2014, Chief Judge Claudia Wilken of the United States District Court for the Northern District of California appointed Mr. Fisher to a four-year term as a member of the Court's Standing Committee on Professional Conduct.

Mr. Fisher received his Juris Doctor from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first-year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science.  Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council."  He is also a member of Phi Beta Kappa.

### ***Representative Cases***

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court).  Mr. Fisher litigated claims against Global Vision Products, Inc. and other individuals in connection with the sale and marketing of a purported hair loss remedy known as Avacor.  The case lasted more than seven years and involved two trials.  The first trial resulted in a verdict for plaintiff and the class in the amount of $40,000,000.  The second trial resulted in a jury verdict of $50,024,611, which led to a $30 million settlement for the class.

*In re Cellphone Termination Fee Cases* - Handset Locking Actions (Alameda County Superior Court).  Mr. Fisher actively worked on five coordinated cases challenging the secret locking of cell phone handsets by major wireless carriers to prevent consumers from activating them on competitive carriers' systems.  Settlements have been approved in all five cases on terms that require the cell phone carriers to disclose their handset locks to consumers and to provide unlocking codes nationwide on reasonable terms and conditions.  The settlements fundamentally changed the landscape for cell phone consumers regarding the locking and unlocking of cell phone handsets.

*In re Cellphone Termination Fee Cases* - Early Termination Fee Cases (Alameda County Superior Court and Federal Communications Commission).  In separate cases that are a part of the same coordinated litigation as the Handset Locking Actions, Mr. Fisher actively worked on claims challenging the validity under California law of early termination fees imposed by national cell phone carriers. In one of those cases, against Verizon Wireless, a nationwide settlement was reached after three weeks of trial in the amount of $21 million.  In a second case, which was tried to verdict, the Court held after trial that the $73 million of flat early termination

fees that Sprint had collected from California consumers over an eight-year period were void and unenforceable.

### *Selected Published Decisions*

*Melgar v. Zicam LLC*, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) (certifying 10-jurisdiction class of purchasers of cold remedies, denying motion for summary judgment, and denying motions to exclude plaintiff's expert witnesses).

*Salazar v. Honest Tea, Inc.*, 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015) (denying motion for summary judgment).

*Dei Rossi v. Whirlpool Corp.*, 2015 WL 1932484 (E.D. Cal. Apr. 27, 2015) (certifying California class of purchasers of refrigerators that were mislabeled as Energy Star qualified).

*Bayol v. Zipcar, Inc.*, 78 F.Supp.3d 1252 (N.D. Cal. 2015) (denying motion to dismiss claims alleging unlawful late fees under California Civil Code § 1671).

*Forcellati v. Hyland's, Inc.*, 2015 WL 9685557 (C.D. Cal. Jan. 12, 2015) (denying motion for summary judgment in case alleging false advertising of homeopathic cold and flu remedies for children).

*Bayol v. Zipcar, Inc.*, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) (denying motion to transfer venue pursuant to a forum selection clause).

*Forcellati v. Hyland's Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of homeopathic cold and flu remedies for children).

*Hendricks v. StarKist Co.*, 30 F.Supp.3d 917 (N.D. Cal. 2014) (denying motion to dismiss in case alleging underfilling of 5-ounce cans of tuna).

*Dei Rossi v. Whirlpool Corp.*, 2013 WL 5781673 (E.D. Cal. October 25, 2013) (denying motion to dismiss in case alleging that certain KitchenAid refrigerators were misrepresented as Energy Star qualified).

*Forcellati v. Hyland's Inc.*, 876 F.Supp.2d 1155 (C.D. Cal. 2012) (denying motion to dismiss complaint alleging false advertising regarding homeopathic cold and flu remedies for children).

*Clerkin v. MyLife.com*, 2011 WL 3809912 (N.D. Cal. August 29, 2011) (denying defendants' motion to dismiss in case alleging false and misleading advertising by a social networking company).

*In re Cellphone Termination Fee Cases*, 186 Cal.App.4th 1380 (2010) (affirming order approving $21 million class action settlement).

*Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571 (2007) (affirming order denying motion to compel arbitration).

### *Selected Class Settlements*

*Melgar v. Zicam* (Eastern District of California) - $16 million class settlement of claims alleging cold medicine was ineffective.

*Gastelum v. Frontier California Inc.* (San Francisco Superior Court) - $10.9 million class action settlement of claims alleging that a residential landline service provider charged unlawful late

fees.

*West v. California Service Bureau, Inc.* (Northern District of California) - $4.1 million class settlement of claims under the Telephone Consumer Protection Act.

*Gregorio v. Premier Nutrition Corp.* (Southern District of New York) - $9 million class settlement of false advertising claims against protein shake manufacturer.

*Morris v. SolarCity Corp.* (Northern District of California) - $15 million class settlement of claims under the Telephone Consumer Protection Act.

*Retta v. Millennium Products, Inc.* (Central District of California) - $8.25 million settlement to resolve claims of bottled tea purchasers for alleged false advertising.

*Forcellati v. Hyland's* (Central District of California) – nationwide class action settlement providing full refunds to purchasers of homeopathic cold and flu remedies for children.

*Dei Rossi v. Whirlpool* (Eastern District of California) – class action settlement providing $55 cash payments to purchasers of certain KitchenAid refrigerators that allegedly mislabeled as Energy Star qualified.

*In Re NVIDIA GTX 970 Graphics Chip Litigation* (Northern District of California) - $4.5 million class action settlement of claims alleging that a computer graphics card was sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.* (Northern District of California) – $12 million class action settlement of claims alleging that 5-ounce cans of tuna were underfilled.

*In re Zakskorn v. American Honda Motor Co.* Honda (Eastern District of California) – nationwide settlement providing for brake pad replacement and reimbursement of out-of-pocket expenses in case alleging defective brake pads on Honda Civic vehicles manufactured between 2006 and 2011.

*Correa v. Sensa Products, LLC* (Los Angeles Superior Court) - $9 million settlement on behalf of purchasers of the Sensa weight loss product.

*In re Pacific Bell Late Fee Litigation* (Contra Costa County Superior Court) - $38.6 million settlement on behalf of Pac Bell customers who paid an allegedly unlawful late payment charge.

*In re Haier Freezer Consumer Litigation* (Northern District of California) - $4 million settlement, which provided for cash payments of between $50 and $325.80 to class members who purchased the Haier HNCM070E chest freezer.

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court) - $30 million settlement on behalf of a class of purchasers of a hair loss remedy.

*Guyette v. Viacom, Inc.* (Alameda County Superior Court) - $13 million settlement for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with its subscribers.

## JOSEPH I. MARCHESE

Joseph I. Marchese is a Partner with Bursor & Fisher, P.A.  Joe focuses his practice on consumer class actions, employment law disputes, and commercial litigation.  He has represented corporate and individual clients in a wide array of civil litigation, and has substantial trial and appellate experience.

Joe has diverse experience in litigating and resolving consumer class actions involving claims of mislabeling, false or misleading advertising, privacy violations, data breach claims, and violations of the Servicemembers Civil Relief Act.

Joe also has significant experience in multidistrict litigation proceedings.  Recently, he served on the Plaintiffs' Executive Committee in *In Re:  Blue Buffalo Company, Ltd. Marketing And Sales Practices Litigation*, MDL No. 2562, which resulted in a $32 million consumer class settlement.  Currently, he serves on the Plaintiffs' Steering Committee for Economic Reimbursement in *In Re: Valsartan Products Liability Litigation*, MDL. No. 2875.

Joe is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, and the Eastern District of Michigan, as well as the United States Court of Appeals for the Second Circuit.

Joe graduated from Boston University School of Law in 2002 where he was a member of The Public Interest Law Journal.  In 1998, Joe graduated with honors from Bucknell University.

### *Selected Published Decisions:*

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. Sept. 7, 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

*Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. June 17, 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*In re Michaels Stores Pin Pad Litigation*, 830 F. Supp. 2d 518 (N.D. Ill. 2011), denying retailer's motion to dismiss its customers' state law consumer protection and privacy claims in data breach putative class action.

BURSOR&FISHER
P.A.

### *Selected Class Settlements:*

*Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) – final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) – final approval granted for $13.75 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

In *re Scotts EZ Seed Litigation*, Case No. 12-cv-4727-VB (S.D.N.Y. 2018) – final approval granted for $47 million class settlement to resolve false advertising claims of purchasers of combination grass seed product.

*In Re:  Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016) – final approval granted for $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*Rodriguez v. Citimortgage, Inc.*, Case No. 11-cv-4718-PGG (S.D.N.Y. 2015) – final approval granted for $38 million class settlement to resolve claims of military servicemembers for alleged foreclosure violations of the Servicemembers Civil Relief Act, where each class member was entitled to $116,785 plus lost equity in the foreclosed property and interest thereon.

*O'Brien v. LG Electronics USA, Inc., et al.*, Case No. 10-cv-3733-DMC (D.N.J. 2011) – final approval granted for $23 million class settlement to resolve claims of Energy Star refrigerator purchasers for alleged false advertising of the appliances' Energy Star qualification.

BURSOR&FISHER
P.A.

## JOSHUA D. ARISOHN

Joshua D. Arisohn is a Partner with Bursor & Fisher, P.A. Josh has litigated precedent-setting cases in the areas of consumer class actions and terrorism. He participated in the first ever trial to take place under the Anti-Terrorism Act, a statute that affords U.S. citizens the right to assert federal claims for injuries arising out of acts of international terrorism. Josh's practice continues to focus on terrorism-related matters as well as class actions.

Josh is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, the District Court for the District of Columbia, and the United States Courts of Appeals for the Second and Ninth Circuits.

Josh previously practiced at Dewey & LeBoeuf LLP and DLA Piper LLP. He graduated from Columbia University School of Law in 2006, where he was a Harlan Fiske Stone Scholar, and received his B.A. from Cornell University in 2002. Josh has been honored as a 2015, 2016 and 2017 Super Lawyer Rising Star.

### *Selected Published Decisions:*

*Fields v. Syrian Arab Republic*, Civil Case No. 18-1437 (RJL), entering a judgment of approximately $850 million in favor of the family members of victims of terrorist attacks carried out by ISIS with the material support of Syria.

*Farwell v. Google LLC*, 2022 WL 1568361 (C.D. Ill. Mar. 31, 2022), denying social media defendant's motion to dismiss BIPA claims brought on behalf of Illinois school students using Google's Workspace for Education platform on laptop computers.

*Weiman v. Miami University*, Case No. 2020-00614JD (Oh. Ct. Claims), certifying a class of students alleging a breach of contract based on their school's failure to provide a full semester of in-person classes.

*Smith v. The Ohio State University*, Case No. 2020-00321JD (Oh. Ct. Claims), certifying a class of students alleging a breach of contract based on their school's failure to provide a full semester of in-person classes.

*Waitt v. Kent State University*, Case No. 2020-00392JD (Oh. Ct. Claims), certifying a class of students alleging a breach of contract based on their school's failure to provide a full semester of in-person classes.

*Duke v. Ohio University*, Case No. 2021-00036JD (Oh. Ct. Claims), certifying a class of students alleging a breach of contract based on their school's failure to provide a full semester of in-person classes.

*Keba v. Bowling Green State University*, Case No. 2020-00639JD (Oh. Ct. Claims), certifying a class of students alleging a breach of contract based on their school's failure to provide a full semester of in-person classes.

*Kirkbride v. The Kroger Co.*, Case No. 2:21-cv-00022-ALM-EPD, denying motion to dismiss claims based on the allegation that defendant overstated its usual and customary prices and thereby overcharged customers for generic drugs.

### *Selected Class Settlements:*

*Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.) - final approval granted for $15 million class settlement to resolve claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

*Marquez v. Google LLC*, Case No. 2021-CH-1460 (Cir. Ct. Cook Cnty. 2022) – final approval granted for $100 million class settlement to resolve alleged BIPA violations of Illinois residents appearing in photos on the Google Photos platform.

## JOEL D. SMITH

Joel D. Smith is a Partner with Bursor & Fisher, P.A. Joel is a trial attorney who has practiced in lower court and appeals courts across the country, as well as the U.S. Supreme Court.

Prior to joining Bursor & Fisher, Joel was a litigator at Crowell & Moring, where he represented Fortune 500 companies, privately held businesses, and public entities in a wide variety of commercial, environmental, and class action matters. Among other matters, Joel served as defense counsel for AT&T, Enterprise-Rent-A-Car, Flowers Foods, and other major U.S. businesses in consumer class actions, including a class action seeking to hold U.S. energy companies accountable for global warming. Joel represented four major U.S. retailers in a case arising from a devastating arson fire and ensuing state of emergency in Roseville, California, which settled on the eve of a trial that was expected to last several months and involve several dozen witnesses. Joel also was part of the trial team in a widely publicized trial over the death of a contestant who died after participating in a Sacramento radio station's water drinking contest.

More recently, Joel's practice focuses on consumer class actions involving automotive and other product defects, financial misconduct, false advertising, and privacy violations.

Joel received both his undergraduate and law degrees from the University of California at Berkeley. While at Berkeley School of Law, he was a member of the California Law Review, received several academic honors, externed for the California Attorney General's office and published an article on climate change policy and litigation.

Joel is admitted to the State Bar of California, as well as the United States Courts of Appeals for the Second, Third and Ninth Circuits; all California district courts; the Eastern District of Michigan; and the Northern District of Illinois.

### *Selected Published Decisions:*

*Javier v. Assurance IQ, LLC*, --- Fed App'x --- 2022 WL 1744107 (9th Cir. May 31, 2022), reversing dismissal in a class action alleging surreptitious monitoring of internet communications.

*Revitch v. DIRECTV, LLC*, 977 F.3d 713 (9th Cir. 2020), affirming denial of motion to compel arbitration in putative class action alleging unlawful calls under the Telephone Consumer Protection Act.

*Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116 (C.D. Cal. Sept. 23, 2020), granting class certification of consumer protection claims brought by purchasers of defective chainsaws.

### ***Selected Class Settlements:***

*Recinos et al. v. The Regents of the University of California,* Superior Court for the State of California, County of Alameda, Case No. RG19038659 – final approval granted for a settlement providing debt relief and refunds to University of California students who were charged late fees.

*Crandell et al. v. Volkswagen Group of America*, Case No. 2:18-cv-13377-JSA (D.N.J.)  – final approval granted for a settlement providing relief for Volkswagen Touareg owners to resolve allegations that defects in Touareg vehicles caused the engines to ingest water when driving in the rain.

*Isley et al. v. BMW of N. America, LLC*, Case No. 2:19-cv-12680-ESK (D.N.J.) – final approval granted for settlement providing BMW owners with reimbursements and credit vouchers to resolve allegations that defects in the BMW N63TU engine caused excessive oil consumption.

*Kaupelis v. Harbor Freight Tools USA, Inc.*, 8:19-cv-01203-JVS-DFM (C.D. Cal.) – final approval granted for a settlement valued up to $40 million to resolve allegations that Harbor Freight sold chainsaws with a defective power switch that could prevent the chainsaws from turning off.

*Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.) - final approval granted for $15 million class settlement to resolve claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### **NEAL J. DECKANT**

Neal J. Deckant is a Partner with Bursor & Fisher, P.A., where he serves as the firm's Head of Information & e-Discovery.  Neal focuses his practice on complex business litigation and consumer class actions.  Prior to joining Bursor & Fisher, Neal counseled low-income homeowners facing foreclosure in East Boston.

Neal is admitted to the State Bars of California and New York, and is a member of the bars of the United States District Court for the Northern District of California, the United States District Court for the Eastern District of California, the United States District Court for the Central District of California, the United States District Court for the Southern District of

California, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the bars of the United States Courts of Appeals for the Second and Ninth Circuits.

Neal received his Juris Doctor from Boston University School of Law in 2011, graduating cum laude with two Dean's Awards.  During law school, Neal served as a Senior Articles Editor for the Review of Banking and Financial Law, where he authored two published articles about securitization reforms, both of which were cited by the New York Court of Appeals, the highest court in the state.  Neal was also awarded Best Oral Argument in his moot court section, and he served as a Research Assistant for his Securities Regulation professor. Neal has also been honored as a 2014, 2015, 2016, and 2017 Super Lawyers Rising Star.  In 2007, Neal graduated with Honors from Brown University with a dual major in East Asian Studies and Philosophy.

### *Selected Published Decisions:*

*Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (N.D. Cal. Mar. 29, 2019), granting class certification of false advertising and other claims brought by purchasers of Benecol spreads labeled with the representation "No Trans Fats."

*Dzielak v. Whirlpool Corp.*, 2017 WL 6513347 (D.N.J. Dec. 20, 2017), granting class certification of consumer protection claims brought by purchasers of Maytag Centennial washing machines marked with the "Energy Star" logo.

*Duran v. Obesity Research Institute*, LLC, 204 Cal. Rptr. 3d 896 (Cal. Ct. App. 2016), reversing and remanding final approval of a class action settlement on appeal, regarding allegedly mislabeled dietary supplements, in connection with a meritorious objection.

*Marchuk v. Faruqi & Faruqi, LLP*, et al., 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*In Re NVIDIA GTX 970 Graphics Chip Litigation*, Case No. 15-cv-00760-PJH (N.D. Cal. Dec. 7, 2016) – final approval granted for $4.5 million class action settlement to resolve claims that a computer graphics card was allegedly sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.*, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) – final approval granted for $12 million class action settlement to resolve claims that 5-ounce cans of tuna were allegedly underfilled.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014) – class action claims resolved for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy, following claims that its olive oil was allegedly sold with false and misleading representations.

### ***Selected Publications:***

Neal Deckant, *X. Reforms of Collateralized Debt Obligations: Enforcement, Accounting and Regulatory Proposals*, 29 Rev. Banking & Fin. L. 79 (2009) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014)).

Neal Deckant, *Criticisms of Collateralized Debt Obligations in the Wake of the Goldman Sachs Scandal*, 30 Rev. Banking & Fin. L. 407 (2010) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014); *Lyon Village Venetia, LLC v. CSE Mortgage LLC*, 2016 WL 476694, at *1 n.1 (Md. Ct. Spec. App. Feb. 4, 2016); Ivan Ascher, Portfolio Society: On the Capitalist Mode of Prediction, at 141, 153, 175 (Zone Books / The MIT Press 2016); Devon J. Steinmeyer, *Does State National Bank of Big Spring v. Geithner Stand a Fighting Chance?*, 89 Chi.-Kent. L. Rev. 471, 473 n.13 (2014)).

### **YITZCHAK KOPEL**

Yitzchak Kopel is a Partner with Bursor & Fisher, P.A. Yitz focuses his practice on consumer class actions and complex business litigation. He has represented corporate and individual clients before federal and state courts, as well as in arbitration proceedings.

Yitz has substantial experience in successfully litigating and resolving consumer class actions involving claims of consumer fraud, data breaches, and violations of the telephone consumer protection act. Since 2014, Yitz has obtained class certification on behalf of his clients five times, three of which were certified as nationwide class actions. Bursor & Fisher was appointed as class counsel to represent the certified classes in each of the cases.

Yitz is admitted to the State Bars of New York and New Jersey, the bar of the United States Court of Appeals for the Second, Eleventh, and Ninth Circuits, and the bars of the United States District Courts for the Southern District of New York, Eastern District of New York, Eastern District of Missouri, Eastern District of Wisconsin, Northern District of Illinois, and District of New Jersey.

Yitz received his Juris Doctorate from Brooklyn Law School in 2012, graduating *cum laude* with two Dean's Awards. During law school, Yitz served as an Articles Editor for the Brooklyn Law Review and worked as a Law Clerk at Shearman & Sterling. In 2009, Yitz graduated *cum laude* from Queens College with a B.A. in Accounting.

### *Selected Published Decisions:*

*Bassaw v. United Industries Corp.,* --- F. Supp. 3d ---, 2020 WL 5117916 (S.D.N.Y. Aug. 31, 2020), denying motion to dismiss claims in putative class action concerning insect foggers.

*Poppiti v. United Industries Corp.*, 2020 WL 1433642 (E.D. Mo. Mar. 24, 2020), denying motion to dismiss claims in putative class action concerning citronella candles.

*Bakov v. Consolidated World Travel, Inc.*, 2019 WL 6699188 (N.D. Ill. Dec. 9, 2019), granting summary judgment on behalf of certified class in robocall class action.

*Krumm v. Kittrich Corp.*, 2019 WL 6876059 (E.D. Mo. Dec. 17, 2019), denying motion to dismiss claims in putative class action concerning mosquito repellent.

*Crespo v. S.C. Johnson & Son, Inc.*, 394 F. Supp. 3d 260 (S.D.N.Y. 2019), denying defendant's motion to dismiss fraud and consumer protection claims in putative class action regarding Raid insect fogger.

*Bakov v. Consolidated World Travel, Inc.*, 2019 WL 1294659 (N.D. Ill. Mar. 21, 2019), certifying a class of persons who received robocalls in the state of Illinois.

*Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454 (S.D.N.Y. 2019), denying defendant's motion to dismiss fraud and consumer protection claims in putative class action regarding mosquito repellent.

*Hart v. BHH, LLC*, 323 F. Supp. 3d 560 (S.D.N.Y. 2018), denying defendants' motion for summary judgment in certified class action involving the sale of ultrasonic pest repellers.

*Hart v. BHH, LLC*, 2018 WL 3471813 (S.D.N.Y. July 19, 2018), denying defendants' motion to exclude plaintiffs' expert in certified class action involving the sale of ultrasonic pest repellers.

*Penrose v. Buffalo Trace Distillery, Inc.*, 2018 WL 2334983 (E.D. Mo. Feb. 5, 2018), denying bourbon producers' motion to dismiss fraud and consumer protection claims in putative class action.

*West v. California Service Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017), certifying a nationwide class of "wrong-number" robocall recipients.

*Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017), certifying nationwide class of purchasers of ultrasonic pest repellers.

*Browning v. Unilever United States, Inc.*, 2017 WL 7660643 (C.D. Cal. Apr. 26, 2017), denying motion to dismiss fraud and warranty claims in putative class action concerning facial scrub product.

*Brenner v. Procter & Gamble Co.*, 2016 WL 8192946 (C.D. Cal. Oct. 20, 2016), denying motion to dismiss warranty and consumer protection claims in putative class action concerning baby wipes.

*Hewlett v. Consolidated World Travel, Inc.*, 2016 WL 4466536 (E.D. Cal. Aug. 23, 2016), denying telemarketer's motion to dismiss TCPA claims in putative class action.

*Bailey v. KIND, LLC*, 2016 WL 3456981 (C.D. Cal. June 16, 2016), denying motion to dismiss fraud and warranty claims in putative class action concerning snack bars.

*Hart v. BHH, LLC*, 2016 WL 2642228 (S.D.N.Y. May 5, 2016) denying motion to dismiss warranty and consumer protection claims in putative class action concerning ultrasonic pest repellers.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting clients' motion for judgment as a matter of law on claims for retaliation and defamation in employment action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217 (E.D.N.Y. 2015), denying diet pill manufacturers' motion to dismiss its purchasers' allegations for breach of express warranty in putative class action.

*Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014), denying online job board's motion to dismiss its subscribers' allegations of consumer protection law violations in putative class action.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*Hart v. BHH, LLC*, Case No. 1:15-cv-04804 (S.D.N.Y. Sept. 22, 2020), resolving class action claims regarding ultrasonic pest repellers.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014), resolving class action claims for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy following the certification of nationwide claims alleging that its olive oil was sold with false and misleading representations.

*West v. California Service Bureau*, Case No. 4:16-cv-03124-YGR (N.D. Cal. Jan. 23, 2019), resolving class action claims against debt-collector for wrong-number robocalls for $4.1 million.

## **FREDERICK J. KLORCZYK III**

Frederick J. Klorczyk III is a Partner with Bursor & Fisher, P.A. Fred focuses his practice on complex business litigation and consumer class actions.

Fred has substantial experience in successfully litigating and resolving consumer class actions involving claims of mislabeling, false or misleading advertising, and privacy violations. In 2019, Fred certified both a California and a 10-state express warranty class on behalf of purchasers of a butter substitute. In 2014, Fred served on the litigation team in *Ebin v. Kangadis Food Inc*. At class certification, Judge Rakoff adopted Fred's choice of law fraud analysis and research directly into his published decision certifying a nationwide fraud class.

Fred is admitted to the State Bars of California, New York, and New Jersey, and is a member of the bars of the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, the Southern, Eastern, and Northern Districts of New York, the District of New Jersey, the Northern District of Illinois, the Eastern District of Missouri, the Eastern District of Wisconsin, and the Eastern District of Michigan, as well as the bars of the United States Court of Appeals for the Second and Ninth Circuits.

Fred received his Juris Doctor from Brooklyn Law School in 2013, graduating m*agna cum laude* with two CALI Awards for the highest grade in his classes on conflict of laws and criminal law. During law school, Fred served as an Associate Managing Editor for the Brooklyn Journal of Corporate, Financial and Commercial Law and as an intern to the Honorable Alison J. Nathan of the United States District Court for the Southern District of New York and the Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut. In 2010, Fred graduated from the University of Connecticut with a B.S. in Finance.

### ***Selected Published Decisions:***

*Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019), denying defendants' motions to dismiss consumer's allegations of state privacy law violations in putative class action.

*In re Welspun Litigation*, 2019 WL 2174089 (S.D.N.Y. May 20, 2019), denying retailers' and textile manufacturer's motion to dismiss consumers' allegations of false advertising relating to purported "100% Egyptian Cotton" linen products.

*Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (E.D. Cal. Mar. 29, 2019), granting class certification of California false advertising claims and multi-state express warranty claims brought by purchasers of a butter substitute.

*Porter v. NBTY, Inc.*, 2016 WL 6948379 (N.D. Ill. Nov. 28, 2016), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to whey protein content.

**BURSOR & FISHER**
P.A.

*Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d. 282 (S.D.N.Y. 2015), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to a homeopathic cold product.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, Case No. 13-4775 (2d Cir. Apr. 15, 2015), denying olive oil manufacturer's Rule 23(f) appeal following grant of nationwide class certification.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for $9 million class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018) – final approval granted for $16.375 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*In Re: Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016) –final approval granted for $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014) – resolved class action claims for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy following the certification of nationwide claims alleging that its olive oil was sold with false and misleading representations.

## YEREMEY O. KRIVOSHEY

Yeremey O. Krivoshey is a Partner with Bursor & Fisher, P.A.  Mr. Krivoshey has particular expertise in COVID-19 related consumer litigation, unlawful fees and liquidated

BURSOR&FISHER
P.A.

damages in consumer contracts, TCPA cases, product recall cases, and fraud and false advertising litigation.  He has represented clients in a wide array of civil litigation, including appeals before the Ninth Circuit.

Mr. Krivoshey served as trial counsel with Mr. Bursor in *Perez. v. Rash Curtis & Associates*, where, in May 2019, the jury returned a verdict for $267 million in statutory damages under the Telephone Consumer Protection Act.  Since 2017, Mr. Krivoshey has secured over $200 million for class members in consumer class settlements.  Mr. Krivoshey has been honored multiple times as a Super Lawyers Rising Star.

Mr. Krivoshey is admitted to the State Bar of California.  He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California, as well as the District of Colorado.

Mr. Krivoshey graduated from New York University School of Law in 2013, where he was a Samuel A. Herzog Scholar.  Prior to Bursor & Fisher, P.A., Mr. Krivoshey worked as a Law Clerk at Vladeck, Waldman, Elias & Engelhard, P.C, focusing on employment discrimination and wage and hour disputes.  In law school, he has also interned at the American Civil Liberties Union and the United States Department of Justice.  In 2010, Mr. Krivoshey graduated *cum laude* from Vanderbilt University.

### *Representative Cases:*

*Perez v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR (N.D. Cal. May 13, 2019).  Mr. Krivoshey litigated claims against a national health-care debt collection agency on behalf of people that received autodialed calls on their cellular telephones without their prior express consent.  Mr. Krivoshey successfully obtained nationwide class certification, defeated the defendant's motion for summary judgment, won summary judgment as to the issue of prior express consent and the use of automatic telephone dialing systems, and navigated the case towards trial.  With his partner, Scott Bursor, Mr. Krivoshey obtained a jury verdict finding that the defendant violated the Telephone Consumer Protection Act ("TCPA") 534,712 times.  Under the TCPA, class members are entitled to $500 per each call made in violation of the TCPA – in this case, $267 million for 534,712 unlawful calls.

### *Selected Published Decisions:*

*Goodrich, et al. v. Alterra Mountain Co., et al.,* 2021 WL 2633326 (D. Col. June 25, 2021), denying ski pass company's motion to dismiss its customers' allegations concerning refunds owed due to cancellation of ski season due to COVID-19.

*Bayol v. Zipcar, Inc*., 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014), denying enforcement of forum selection clause based on public policy grounds.

*Bayol v. Zipcar, Inc*., 78 F. Supp. 3d 1252 (N.D. Cal. Jan. 29, 2015), denying car-rental company's motion to dismiss its subscriber's allegations of unlawful late fees.

BURSOR&FISHER
P.A.

*Brown v. Comcast Corp.*, 2016 WL 9109112 (C.D. Cal. Aug. 12, 2016), denying internet service provider's motion to compel arbitration of claims alleged under the Telephone Consumer Protection Act.

*Chaisson, et al. v. University of Southern California* (Cal. Sup. Ct. Mar. 25, 2021), denying university's demurrer as to its students' allegations of unfair and unlawful late fees.

*Choi v. Kimberly-Clark Worldwide, Inc.*, 2019 WL 4894120 (C.D. Cal. Aug. 28, 2019), denying tampon manufacturer's motion to dismiss its customer's design defect claims.

*Horanzy v. Vemma Nutrition Co.*, Case No. 15-cv-298-PHX-JJT (D. Ariz. Apr. 16, 2016), denying multi-level marketer's and its chief scientific officer's motion to dismiss their customer's fraud claims.

*McMillion, et al. v. Rash Curtis & Associates*, 2017 WL 3895764 (N.D. Cal. Sept. 6, 2017), granting nationwide class certification of Telephone Consumer Protection Act claims by persons receiving autodialed and prerecorded calls without consent.

*McMillion, et al. v. Rash Curtis & Associates*, 2018 WL 692105 (N.D. Cal. Feb. 2, 2018), granting plaintiffs' motion for partial summary judgment on Telephone Consumer Protection Act violations in certified class action.

*Perez v. Indian Harbor Ins. Co.*, 2020 WL 2322996 (N.D. Cal. May 11, 2020), denying insurance company's motion to dismiss or stay assigned claims of bad faith and fair dealing arising out of $267 million trial judgment.

*Perez v. Rash Curtis & Associates*, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020), upholding constitutionality of $267 million class trial judgment award.

*Salazar v. Honest Tea, Inc.*, 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015), denying manufacturer's motion for summary judgment as to customer's false advertising claims.

*Sholopa v. Turk Hava Yollari A.O., Inc. (d/b/a Turkish Airlines)*, 2022 WL 976825 (S.D.N.Y. Mar. 31, 2022), denying airline's motion to dismiss its customers claims for failure to refund flights cancelled due to COVID-19.

### ***Selected Class Settlements:***

*Perez v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR (N.D. Cal. Oct. 1, 2021) granting final approval to a $75.6 million non-reversionary cash common fund settlement, the largest ever consumer class action settlement stemming from a violation of the Telephone Consumer Protection Act.

*Strassburger v. Six Flags Theme Parks Inc., et al.* (Ill. Cir. Ct. 2022) granting final approval to $83.6 million settlement to resolve claims of theme park members for alleged wrongful charging of fees during the COVID-19 pandemic.

*Juarez-Segura, et al. v. Western Dental Services, Inc.* (Cal. Sup. Ct. Aug. 9, 2021) granting final approval to $35 million settlement to resolve claims of dental customers for alleged unlawful late fees.

*Moore v. Kimberly-Clark Worldwide, Inc.* (Ill. Cir. Ct. July 22, 2020) granting final approval to $11.2 million settlement to resolve claims of tampon purchasers for alleged defective products.

*Retta v. Millennium Prods., Inc.*, 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) granting final approval to $8.25 million settlement to resolve claims of kombucha purchasers for alleged false advertising.

*Cortes v. National Credit Adjusters, L.L.C.* (E.D. Cal. Dec. 7, 2020) granting final approval to $6.8 million settlement to resolve claims of persons who received alleged autodialed calls without prior consent in violation of the TCPA.

*Bayol et al. v. Health-Ade LLC, et al.* (N.D. Cal. Oct. 11, 2019) – granting final approval to $3,997,500 settlement to resolve claims of kombucha purchasers for alleged false advertising.

## PHILIP L. FRAIETTA

Philip L. Fraietta is a Partner with Bursor & Fisher, P.A. Phil focuses his practice on data privacy, complex business litigation, consumer class actions, and employment law disputes. Phil has been named a "Rising Star" in the New York Metro Area by Super Lawyers® every year since 2019.

Phil has significant experience in litigating consumer class actions, particularly those involving privacy claims under statutes such as the Michigan Preservation of Personal Privacy Act, the Illinois Biometric Information Privacy Act, and Right of Publicity statutes. Since 2016, Phil has recovered over $100 million for class members in privacy class action settlements. In addition to privacy claims, Phil has significant experience in litigating and settling class action claims involving false or misleading advertising.

Phil is admitted to the State Bars of New York, New Jersey, Illinois, and Michigan, the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, the Western District of New York, the Northern District of New York, the District of New Jersey, the Eastern District of Michigan, the Western District of Michigan, the Northern District of Illinois, the Central District of Illinois, and the United States Court of Appeals for the Second, Third, and Ninth Circuits. Phil was a Summer Associate with Bursor & Fisher prior to joining the firm.

Phil received his Juris Doctor from Fordham University School of Law in 2014, graduating cum laude. During law school, Phil served as an Articles & Notes Editor for the Fordham Law Review, and published two articles. In 2011, Phil graduated cum laude from Fordham University with a B.A. in Economics.

### ***Selected Published Decisions:***

*Fischer v. Instant Checkmate LLC*, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022), certifying class of Illinois residents for alleged violations of Illinois' Right of Publicity Act by background reporting website.

*Kolebuck-Utz v. Whitepages Inc.,* 2021 WL 157219 (W.D. Wash. Apr. 22, 2021), denying defendant's motion to dismiss for alleged violations of Ohio's Right to Publicity Law.

*Bergeron v. Rochester Institute of Technology,* 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020), denying university's motion to dismiss for failure to refund tuition and fees for the Spring 2020 semester in light of the COVID-19 pandemic.

*Porter v. NBTY, Inc.,* 2019 WL 5694312 (N.D. Ill. Nov. 4, 2019), denying supplement manufacturer's motion for summary judgment on consumers' allegations of false advertising relating to whey protein content.

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

### *Selected Class Settlements:*

*Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019) – final approval granted for $50 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018) – final approval granted for $16.375 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019) – final approval granted for $13.75 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Benbow v. SmileDirectClub, LLC*, Case No. 2020-CH-07269 (Cir. Ct. Cook Cnty. 2021) – final approval granted for $11.5 million class settlement to resolve claims for alleged TCPA violations.

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for $9 million class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018) – final approval granted for $8.225 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) – final approval granted for $7.6 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Rocchio v. Rutgers, The State University of New Jersey*, Case No. MID-L-003039-20 (Sup. Ct. Middlesex Cnty. 2022) – final approval granted for $5 million class settlement to resolve claims for failure to refund mandatory fees for the Spring 2020 semester in light of the COVID-19 pandemic.

*Heigl v. Waste Management of New York, LLC*, Case No. 19-cv-05487-WFK-ST (E.D.N.Y. 2021) – final approval granted for $2.7 million class settlement to resolve claims for charging allegedly unlawful fees pertaining to paper billing.

*Frederick v. Examsoft Worldwide, Inc.*, Case No. 2021L001116 (Cir. Ct. DuPage Cnty. 2022) – final approval granted for $2.25 million class settlement to resolve claims for alleged BIPA violations.

## <u>SARAH N. WESTCOT</u>

Sarah N. Westcot is the Managing Partner of Bursor & Fisher's Miami office. She focuses her practice on consumer class actions, complex business litigation, and mass torts.

She has represented clients in a wide array of civil litigation, and has substantial trial and appellate experience.  Sarah served as trial counsel in *Ayyad v. Sprint Spectrum L.P.*, where Bursor & Fisher won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

Sarah also has significant experience in high-profile, multi-district litigations.  She currently serves on the Plaintiffs' Steering Committee in *In re Zantac (Ranitidine) Products Liability Litigation,* MDL No. 2924 (S.D. Florida).  She also serves on the Plaintiffs' Executive Committee in *In re Apple Inc. App Store Simulated Casino-Style Games Litigation,* MDL No. 2985 (N.D. Cal.) and *In Re: Google Play Store Simulated Casino-Style Games Litigation*, MDL No. 3001 (N.D. Cal.).

Sarah is admitted to the State Bars of California and Florida, and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California, the United States District Courts for the Southern and Middle Districts of Florida, and the bars of the United States Courts of Appeals for the Second, Eighth, and Ninth Circuits.

Sarah received her Juris Doctor from the University of Notre Dame Law School in 2009. During law school, she was a law clerk with the Cook County State's Attorney's Office in Chicago and the Santa Clara County District Attorney's Office in San Jose, CA, gaining early trial experience in both roles. She graduated with honors from the University of Florida in 2005.

Sarah is a member of The National Trial Lawyers Top 100 Civil Plaintiff Lawyers, and was selected to The National Trial Lawyers Top 40 Under 40 Civil Plaintiff Lawyers for 2022.

BURSOR&FISHER
P.A.

## ALEC M. LESLIE

Alec Leslie is a Partner with Bursor & Fisher, P.A.  He focuses his practice on consumer class actions, employment law disputes, and complex business litigation.

Alec is admitted to the State Bar of New York and is a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York.  Alec was a Summer Associate with Bursor & Fisher prior to joining the firm.

Alec received his Juris Doctor from Brooklyn Law School in 2016, graduating *cum laude*.  During law school, Alec served as an Articles Editor for Brooklyn Law Review.  In addition, Alec served as an intern to the Honorable James C. Francis for the Southern District of New York and the Honorable Vincent Del Giudice, Supreme Court, Kings County.  Alec graduated from the University of Colorado with a B.A. in Philosophy in 2012.

### *Selected Class Settlements:*

*Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019) – final approval granted for class settlement to resolve claims of protein shake purchasers for alleged false advertising.

*Wright v. Southern New Hampshire Univ.*, Case No. 1:20-cv-00609-LM (D.N.H. 2021) – final approval granted for class settlement to resolve claims over COVID-19 tuition and fee refunds to students.

*Mendoza et al. v. United Industries Corp.*, Case No. 21PH-CV00670 (Phelps Cnty. Mo. 2021) – final approval granted for class settlement to resolve false advertising claims on insect repellent products.

*Kaupelis v. Harbor Freight Tools USA, Inc.*, Case No. 8:19-cv-01203-JVS-DFM (C.D. Cal. 2021) – final approval granted for class settlement involving allegedly defective and dangerous chainsaws.

*Rocchio v. Rutgers Univ.*, Case No. MID-L-003039-20 (Middlesex Cnty. N.J. 2021) – final approval granted for class settlement to resolve claims over COVID-19 fee refunds to students.

*Malone v. Western Digital Corporation*, Case No. 5:20-cv-03584-NC (N.D. Cal.) – final approval granted for class settlement to resolve false advertising claims on hard drive products.

*Frederick et al. v. ExamSoft Worldwide, Inc.*, Case No. 2021L001116 (DuPage Cnty. Ill. 2021) – final approval granted for class settlement to resolve claims over alleged BIPA violations with respect to exam proctoring software.

BURSOR&FISHER
P.A.

## STEPHEN BECK

Stephen is an Associate with Bursor & Fisher, P.A. Stephen focuses his practice on complex civil litigation and class actions.

Stephen is admitted to the State Bar of Florida and is a member of the bars of the United States District Courts for the Southern and Middle Districts of Florida.

Stephen received his Juris Doctor from the University of Miami School of Law in 2018. During law school, Stephen received an Honors distinction in the Litigation Skills Program and was awarded the Honorable Theodore Klein Memorial Scholarship for excellence in written and oral advocacy. Stephen also received the CALI Award in Legislation for earning the highest grade on the final examination. Stephen graduated from the University of North Florida with a B.A. in Philosophy in 2015.

## BRITTANY SCOTT

Brittany Scott is an Associate with Bursor & Fisher, P.A.  Brittany focuses her practice on data privacy, complex civil litigation, and consumer class actions.  Brittany was an intern with Bursor & Fisher prior to joining the firm.

Brittany has substantial experience litigating consumer class actions, including those involving data privacy claims under statutes such as the Illinois Biometric Information Privacy Act, the Fair Credit Reporting Act, and the Michigan Preservation of Personal Privacy Act.  In addition to data privacy claims, Brittany has significant experience in litigating class action claims involving false and misleading advertising.

Brittany is admitted the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California, the Eastern District of Wisconsin, and the Northern District of Illinois.

Brittany received her Juris Doctor from the University of California, Hastings College of the Law in 2019, graduating cum laude. During law school, Brittany was a member of the Constitutional Law Quarterly, for which she was the Executive Notes Editor.  Brittany published a note in the Constitutional Law Quarterly entitled "Waiving Goodbye to First Amendment Protections: First Amendment Waiver by Contract." Brittany also served as a judicial extern to the Honorable Andrew Y.S. Cheng for the San Francisco Superior Court.  In 2016, Brittany graduated from the University of California Berkeley with a B.A. in Political Science.

### *Selected Class Settlements:*

*Morrissey v. Tula Life, Inc.,* Case No. 2021L0000646 (18th Judicial Circuit Court DuPage County 2021) – final approval granted for $4 million class settlement to resolve claims of cosmetics purchasers for alleged false advertising.

## MAX S. ROBERTS

Max Roberts is an Associate with Bursor & Fisher, P.A.  Max focuses his practice on complex civil litigation, data privacy, and class actions.  Max was a Summer Associate with Bursor & Fisher prior to joining the firm.

Max is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Northern, Southern, and Eastern Districts of New York, the Northern and Central Districts of Illinois, the Eastern District of Michigan, the District of Colorado, and the United States Court of Appeals for the Seventh and Ninth Circuits.

Max received his Juris Doctor from Fordham University School of Law in 2019, graduating *cum laude.*  During law school, Max was a member of Fordham's Moot Court Board, the Brennan Moore Trial Advocates, and the Fordham Urban Law Journal, for which he published a note entitled *Weaning Drug Manufacturers Off Their Painkiller: Creating an Exception to the Learned Intermediary Doctrine in Light of the Opioid Crisis*.  In addition, Max served as an intern to the Honorable Vincent L. Briccetti of the Southern District of New York and the Fordham Criminal Defense Clinic.  Max graduated from Johns Hopkins University in 2015 with a B.A. in Political Science.

Outside of the law, Max is an avid triathlete.

### *Selected Published Decisions:*

*Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), reversing district court and holding that Section 631 of the California Invasion of Privacy Act requires prior consent to wiretapping.  Max personally argued the appeal before the Ninth Circuit, which can be viewed here.

*Mora v. J&M Plating, Inc.*, --- N.E.3d ---, 2022 WL 17335861 (Ill. App. Ct. 2d Dist. Nov. 30, 2022), reversing circuit court and holding that Section 15(a) of Illinois' Biometric Information Privacy Act requires an entity to establish a retention and deletion schedule for biometric data at the first moment of possession.  Max personally argued the appeal before the Second District, which can be listened to here.

*Cristostomo v. New Balance Athletics, Inc.*, 2022 WL 17904394 (D. Mass. Dec. 23, 2022), denying motion to dismiss and motion to strike class allegations in case involving sneakers marketed as "Made in the USA."

*Carroll v. Myriad Genetics, Inc.*, 2022 WL 16860013 (N.D. Cal. Nov. 9, 2022), denying in part motion to dismiss in case involving non-invasive prenatal testing product.

*Louth v. NFL Enterprises LLC*, 2022 WL 4130866 (D.R.I. Sept. 12, 2022), denying motion to dismiss alleged violations of the Video Privacy Protection Act.

*Sholopa v. Turk Hava Yollari A.O., Inc. d/b/a Turkish Airlines*, 2022 WL 976825 (S.D.N.Y. Mar. 31, 2022), denying motion to dismiss passenger's allegations that airline committed a breach of contract by failing to refund passengers for cancelled flights during the COVID-19 pandemic.

*Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021), denying in part motion to dismiss alleged violations of California Invasion of Privacy Act.

*Soo v. Lorex Corp.*, 2020 WL 5408117 (N.D. Cal. Sept. 9, 2020), denying defendants' motion to compel arbitration and denying in part motion dismiss consumer protection claims in putative class action concerning security cameras.

### *Selected Class Settlements:*

*Miranda v. Golden Entertainment (NV), Inc.*, Case No. 2:20-cv-534-AT (D. Nev. 2021) – final approval granted for class settlement valued at over $4.5 million to resolve claims of customers and employees of casino company stemming from data breach.

*Malone v. Western Digital Corp.*, Case No. 5:20-cv-3584-NC (N.D. Cal. 2021) – final approval granted for class settlement valued at $5.7 million to resolve claims of hard drive purchasers for alleged false advertised.

*Frederick v. ExamSoft Worldwide, Inc.*, Case No. 2021-L-001116 (18th Judicial Circuit Court DuPage County, Illinois 2021) – final approval granted for $2.25 million class settlement to resolve claims of Illinois students for alleged violations of the Illinois Biometric Information Privacy Act.

### CHRISTOPHER R. REILLY

Chris Reilly is an Associate with Bursor & Fisher, P.A. Chris focuses his practice on consumer class actions and complex business litigation.

Chris is admitted to the State Bar of Florida and is a member of the bar of the United States District Courts for the Southern and Middle Districts of Florida.

Chris received his Juris Doctor from Georgetown University Law Center in 2020. During law school, Chris clerked for the Senate Judiciary Committee, where he worked on antitrust and food and drug law matters under Senator Richard Blumenthal.  He has also clerked for the Mecklenburg County District Attorney's Office, the ACLU Prison Project, and the Pennsylvania General Counsel's Office.  Chris served as Senior Editor of Georgetown's Journal of Law and Public Policy.  In 2017, Chris graduated from the University of Florida with a B.A. in Political Science.

**JULIA K. VENDITTI**

Julia Venditti is an Associate with Bursor & Fisher, P.A.  Julia focuses her practice on complex civil litigation and class actions.  Julia was a Summer Associate with Bursor & Fisher prior to joining the firm.

Julia is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California.

Julia received her Juris Doctor in 2020 from the University of California, Hastings College of the Law, where she graduated *cum laude* with two CALI Awards for the highest grade in her Evidence and California Community Property classes.  During law school, Julia was a member of the UC Hastings Moot Court team and competed at the Evans Constitutional Law Moot Court Competition, where she finished as a national quarterfinalist and received a best brief award.  Julia was also inducted into the UC Hastings Honors Society and was awarded Best Brief and an Honorable Mention for Best Oral Argument in her First-Year Moot Court section. In addition, Julia served as a Research Assistant for her Constitutional Law professor, as a Teaching Assistant for Legal Writing & Research, and as a Law Clerk at the San Francisco Public Defender's Office.  In 2017, Julia graduated *magna cum laude* from Baruch College/CUNY, Weissman School of Arts and Sciences, with a B.A. in Political Science.

**SEAN L. LITTERAL**

Sean L. Litteral is an Associate with Bursor & Fisher, P.A.  Sean focuses his practice on complex business litigation, consumer class actions, and employment law disputes.  He holds degrees from Berea College, the London School of Economics and Political Science, and Berkeley Law.

Sean has represented clients in a variety of matters, including survivors against the Boy Scouts of America for covering up decades of sexual abuse; warehouse workers against Walmart for failing to comply with COVID-19 health and safety guidelines; and drivers against Corinthian International Parking Services for systematically violating California's wage and hour laws.

Sean clerked for the Alaska Supreme Court and served as a fellow for the U.S. House Committee on Education and Labor and the Atlanta City Council.  He previously externed for the Special Litigation Section, Civil Rights Division of the U.S. Department of Justice; the Berkeley Environmental Law Clinic; and the Corporate Sustainability Program at the Pontificia Universidad Católica de Chile.

He has published in the UC Davis Environmental Law & Policy Journal, the Harvard Latinx Law Review, and the Stanford Law and Policy Review on a broad scope of matters, including corporate sustainability, international trade, and national security.

## JULIAN DIAMOND

Julian Diamond is an Associate with Bursor & Fisher, P.A.  Julian focuses his practice on privacy law and class actions.  Julian was a Summer Associate with Bursor & Fisher prior to joining the firm.

Julian received his Juris Doctor from Columbia Law School, where he was a Harlan Fiske Stone Scholar.  During law school, Julian was Articles Editor for the Columbia Journal of Environmental Law.  Prior to law school, Julian worked in education.  Julian graduated from California State University, Fullerton with a B.A. in History and a single subject social science teaching credential.

## MATTHEW GIRARDI

Matt Girardi is an Associate with Bursor & Fisher, P.A.  Matt focuses his practice on complex civil litigation and class actions, and has focused specifically on consumer class actions involving product defects, financial misconduct, false advertising, and privacy violations.  Matt was a Summer Associate with Bursor & Fisher prior to joining the firm.

Matt is admitted to the State Bar of New York, and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, and the Eastern District of Michigan

Matt received his Juris Doctor from Columbia Law School in 2020, where he was a Harlan Fiske Stone Scholar.  During law school, Matt was the Commentary Editor for the Columbia Journal of Tax Law, and represented fledgling businesses for Columbia's Entrepreneurship and Community Development Clinic.  In addition, Matt worked as an Honors Intern in the Division of Enforcement at the U.S. Securities and Exchange Commission.  Prior to law school, Matt graduated from Brown University in 2016 with a B.A. in Economics, and worked as a Paralegal Specialist at the U.S. Department of Justice in the Antitrust Division.

**EXHIBIT B**

| Quinnipiac University Tuition Lodestar Summary | | | |
|---|---|---|---|
| | | | |
| **ATTY** | **HOURS** | **RATE** | **TOTAL** |
| JIM | 0.3 | $ 950.00 | $285.00 |
| JDA | 39.1 | $ 875.00 | $34,212.50 |
| SNW | 55.5 | $ 825.00 | $45,787.50 |
| AML | 143.7 | $ 650.00 | $93,405.00 |
| RLM | 3.3 | $ 500.00 | $1,650.00 |
| SNB | 0.9 | $ 400.00 | $360.00 |
| RSR | 1.5 | $ 300.00 | $450.00 |
| EMW | 0.5 | $ 300.00 | $150.00 |
| JGM | 9.7 | $ 300.00 | $2,910.00 |
| AEL | 1.0 | $ 275.00 | $275.00 |
| | 255.5 | | $179,485.00 |
| | | | |
| | | Expenses: | $33,592.25 |
| | | | |
| | | **Total:** | $213,077.25 |

Quinnipiac University Tuition - Bursor Fisher, P.A. Billing Diaries

| DATE | MATTER | ATTY | DESCRIPTION | TIME | RATE | TOTAL |
|---|---|---|---|---|---|---|
| 2020.04.29 | Quinnipiac University Tuition | AML | Complaint drafting | 4.1 | $650.00 | $2,665.00 |
| 2020.04.29 | Quinnipiac University Tuition | SNW | Research re: Quinnipiac PSI | 3.3 | $825.00 | $2,722.50 |
| 2020.04.30 | Quinnipiac University Tuition | AML | Complaint drafting/research | 3.3 | $650.00 | $2,145.00 |
| 2020.04.30 | Quinnipiac University Tuition | SNW | Reviewed draft Quinnipiac complaint (1.5); email exchange w/ AML re: same (.2) | 2.1 | $825.00 | $1,732.50 |
| 2020.04.30 | Quinnipiac University Tuition | SNW | Edits re: Qunnipiac complaint | 1.2 | $825.00 | $990.00 |
| 2020.05.04 | Quinnipiac University Tuition | SNW | Emailed AML re: status of Quinnipiac complaint | 0.1 | $825.00 | $82.50 |
| 2020.05.05 | Quinnipiac University Tuition | SNW | Emailed AML re: Qunnipiac complaint finalization | 0.1 | $825.00 | $82.50 |
| 2020.05.06 | Quinnipiac University Tuition | AML | Final review of complaint, cover sheet and summons | 1.2 | $650.00 | $780.00 |
| 2020.05.12 | Quinnipiac University Tuition | RSR | Served complaint | 0.1 | $300.00 | $30.00 |
| 2020.05.14 | Quinnipiac University Tuition | RSR | Followed up with First Legal re service | 0.1 | $300.00 | $30.00 |
| 2020.05.18 | Quinnipiac University Tuition | RSR | Filed Proof of Service | 0.1 | $300.00 | $30.00 |
| 2020.05.28 | Quinnipiac University Tuition | SNW | Reviewed ECF notices re: initiial response deadline | 0.1 | $825.00 | $82.50 |
| 2020.06.01 | Quinnipiac University Tuition | SNW | Reviewed consent order re: response to complaint | 0.1 | $825.00 | $82.50 |
| 2020.06.19 | Quinnipiac University Tuition | SNW | Email exchange w/ defense cousel re: request for extension (.2); email exchange w/ AML re: sam (.1) | 0.3 | $825.00 | $247.50 |
| 2020.06.22 | Quinnipiac University Tuition | SNW | Updated case status sheet to reflect co-counsel arragement | 0.1 | $825.00 | $82.50 |
| 2020.06.22 | Quinnipiac University Tuition | SNW | Email exchange w/ defense counsel re: extention of time to respond | 0.2 | $825.00 | $165.00 |
| 2020.06.23 | Quinnipiac University Tuition | SNW | Reviewed filed motion for extension of time to respond to complaint & email from defense counsel to Court re: same | 0.2 | $825.00 | $165.00 |
| 2020.06.23 | Quinnipiac University Tuition | SNW | Reviewed email re: case strategy | 0.1 | $825.00 | $82.50 |
| 2020.07.08 | Quinnipiac University Tuition | SNW | Finalized draft JPA | 0.2 | $825.00 | $165.00 |
| 2020.07.13 | Quinnipiac University Tuition | SNW | Email exchange w/ co-counsel re: draft JPA | 0.1 | $825.00 | $82.50 |
| 2020.07.30 | Quinnipiac University Tuition | AEL | call w/ client re doc request (.2) | 0.2 | $275.00 | $55.00 |
| 2020.07.31 | Quinnipiac University Tuition | AEL | emailed client (.1) | 0.1 | $275.00 | $27.50 |
| 2020.08.03 | Quinnipiac University Tuition | AEL | left client VM re doc collection (.1) | 0.1 | $275.00 | $27.50 |
| 2020.08.03 | Quinnipiac University Tuition | JIM | Confer with other plaintiffs' counsel regarding case consolidation | 0.3 | $950.00 | $285.00 |
| 2020.08.04 | Quinnipiac University Tuition | AEL | spoke w/ client re doc collection (.1) | 0.1 | $275.00 | $27.50 |
| 2020.08.05 | Quinnipiac University Tuition | AML | Reviewed D's MTD | 4.1 | $650.00 | $2,665.00 |
| 2020.08.05 | Quinnipiac University Tuition | SNW | Reviewed motion to dismiss | 3.6 | $825.00 | $2,970.00 |
| 2020.08.05 | Quinnipiac University Tuition | SNW | Reviewed email from defense counsel re: letter to court regarding MTD briefing | 0.1 | $825.00 | $82.50 |
| 2020.08.26 | Quinnipiac University Tuition | SNW | Emailed AML re: dismissal of DNJ action | 0.1 | $825.00 | $82.50 |
| 2020.08.27 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 files | 0.1 | $300.00 | $30.00 |
| 2020.08.27 | Quinnipiac University Tuition | SNW | Reviewed order of voluntary dismissal | 0.1 | $825.00 | $82.50 |
| 2020.09.02 | Quinnipiac University Tuition | AEL | saved client docs to plaintiff folder in box (.1) | 0.1 | $275.00 | $27.50 |
| 2020.09.03 | Quinnipiac University Tuition | AEL | spoke w/ Quinnipiac client re doc collection (.2) | 0.2 | $275.00 | $55.00 |
| 2020.09.10 | Quinnipiac University Tuition | AML | Reviewed draft FAC | 2.3 | $650.00 | $1,495.00 |
| 2020.09.10 | Quinnipiac University Tuition | SNW | Email exhcnage w/ JIM re: coordination with co-counsel | 0.1 | $825.00 | $82.50 |
| 2020.09.14 | Quinnipiac University Tuition | AML | Reviewed mtn to stay discovery (1.6); research re same (1.7) | 3.3 | $650.00 | $2,145.00 |
| 2020.09.14 | Quinnipiac University Tuition | SNW | Reviewed draft opposiotion to motion to stay (.3); email exchange w/ AML and D. Kuroswki re: edits to and filing of same (.1) | 0.4 | $825.00 | $330.00 |
| 2020.10.05 | Quinnipiac University Tuition | SNW | Reviewed defendant's MTD (2.4); reviewed email exchange between D. Kurorski and A. Leslie re: same (.1) | 2.9 | $825.00 | $2,392.50 |
| 2020.10.07 | Quinnipiac University Tuition | AML | MTD opp research (3.1); MTD opp drafting (2.2) | 5.3 | $650.00 | $3,445.00 |
| 2020.10.08 | Quinnipiac University Tuition | AML | MTD opp research | 3.6 | $650.00 | $2,340.00 |
| 2020.10.12 | Quinnipiac University Tuition | AML | MTD opp research (3.3); MTD opp drafting (3.1) | 6.4 | $650.00 | $4,160.00 |
| 2020.10.13 | Quinnipiac University Tuition | AML | MTD opp research (3.4); MTD opp drafting (2.9) | 6.3 | $650.00 | $4,095.00 |
| 2020.10.14 | Quinnipiac University Tuition | AML | MTD opp drafting | 4.4 | $650.00 | $2,860.00 |
| 2020.10.15 | Quinnipiac University Tuition | AML | Reviewed draft motion to stay opposition | 1.7 | $650.00 | $1,105.00 |

| 2020.10.15 | Quinnipiac University Tuition | SNW | Reviewed defendant's renewed motion to stay discovery | 1.2 | $825.00 | $990.00 |
|---|---|---|---|---|---|---|
| 2020.10.15 | Quinnipiac University Tuition | SNW | Reviewed draft response to motion to stay & email from AML and co-counsel re: same | 0.3 | $825.00 | $247.50 |
| 2020.10.16 | Quinnipiac University Tuition | AML | Edits to MTD Opp (3.4); reviewed recent COVID-19 decisions for MTD Opp (1.2) | 4.6 | $650.00 | $2,990.00 |
| 2020.10.16 | Quinnipiac University Tuition | JGM | Call D. Conn. re Atty Admission | 0.1 | $300.00 | $30.00 |
| 2020.10.16 | Quinnipiac University Tuition | RSR | Formatted MTD opp (0.2) | 0.2 | $300.00 | $60.00 |
| 2020.10.16 | Quinnipiac University Tuition | SNW | Reviewed email exchages w/ co-counsel re: internal deadlines for circulation of draft opposition to motion to dismiss; calendared same | 0.1 | $825.00 | $82.50 |
| 2020.10.19 | Quinnipiac University Tuition | SNW | Reviewed and revised draft MTD opposition brief | 3.7 | $825.00 | $3,052.50 |
| 2020.10.22 | Quinnipiac University Tuition | AML | Final edits to MTD opp | 2.8 | $650.00 | $1,820.00 |
| 2020.10.22 | Quinnipiac University Tuition | RSR | Prepared tables for MTD opp (0.5) | 0.5 | $300.00 | $150.00 |
| 2020.10.22 | Quinnipiac University Tuition | SNW | Reviewed co-counsel's edits to draft MTD opposition brief (.4); emailed AML re: same (.1) | 0.5 | $825.00 | $412.50 |
| 2020.10.22 | Quinnipiac University Tuition | SNW | Reviewed final version of MTD opposition; email exchanges w/ AML and D. Kuroswki re: same | 1.5 | $825.00 | $1,237.50 |
| 2020.11.04 | Quinnipiac University Tuition | SNB | Analyze file for purposes of drafing notice of supplemental authority re: Rosado v. Barry U | 0.1 | $400.00 | $40.00 |
| 2020.11.04 | Quinnipiac University Tuition | SNW | Reviewed notice of supplemental authority; email exchange w/ co-counsel re: same | 0.2 | $825.00 | $165.00 |
| 2020.11.09 | Quinnipiac University Tuition | SNW | Reviewed email from D. Kuroswki re: summary of hearing on motion to stay in Metzner action | 0.2 | $825.00 | $165.00 |
| 2020.11.09 | Quinnipiac University Tuition | SNW | Reviewed defendant's reply ISO MTD & email from D. Kurowski re: same | 0.4 | $825.00 | $330.00 |
| 2020.11.09 | Quinnipiac University Tuition | SNW | Reviewed reply in response to motion to dismiss (.4); reviewed order on motion to stay (.2) | 0.6 | $825.00 | $495.00 |
| 2020.11.12 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 file | 0.1 | $300.00 | $30.00 |
| 2020.11.12 | Quinnipiac University Tuition | SNW | Reviewed order denying stay of discovery pending MTD (.2); reviewed email exchange w/ co-counsel re: order (.1); Conf. w/ AML re: discovery and case strategy (.2) | 0.5 | $825.00 | $412.50 |
| 2020.11.13 | Quinnipiac University Tuition | JGM | Prepare SNW & AML PHV App | 1.4 | $300.00 | $420.00 |
| 2020.11.16 | Quinnipiac University Tuition | JGM | Update PHV Applications | 0.3 | $300.00 | $90.00 |
| 2020.11.17 | Quinnipiac University Tuition | JGM | Finalize PHV App for SNW & AML | 0.7 | $300.00 | $210.00 |
| 2020.11.19 | Quinnipiac University Tuition | JGM | Send PHV App & Affidavits for SNW & AML to Local Counsel | 0.2 | $300.00 | $60.00 |
| 2020.11.20 | Quinnipiac University Tuition | JGM | Send revised PHV application to Local Counsel | 0.1 | $300.00 | $30.00 |
| 2020.11.20 | Quinnipiac University Tuition | JGM | Save Doc to Box - PHV Application, 3 files | 0.1 | $300.00 | $30.00 |
| 2020.11.23 | Quinnipiac University Tuition | JGM | Finalize NOA for SNW & AML | 1 | $300.00 | $300.00 |
| 2020.11.23 | Quinnipiac University Tuition | JGM | Updated calendar with scheduling order | 0.4 | $300.00 | $120.00 |
| 2020.11.23 | Quinnipiac University Tuition | JGM | Updated Staff Email to Atty ECF Account (SNW, AML) | 0.1 | $300.00 | $30.00 |
| 2020.11.23 | Quinnipiac University Tuition | JGM | File NOA SNW & AML | 0.2 | $300.00 | $60.00 |
| 2020.11.23 | Quinnipiac University Tuition | SNW | Reviewed order on PHV motions (.1); email exchange w/ JGM re: preparation of notice of appearances (.1); reviewed email from co-counsel re: same (.1) | 0.3 | $825.00 | $247.50 |
| 2020.11.23 | Quinnipiac University Tuition | SNW | Conf. w/ AML re: oral argument on MTD (.1); reviewed emails from D. Kurowski and AML re: same (.1) | 0.2 | $825.00 | $165.00 |
| 2020.11.30 | Quinnipiac University Tuition | SNW | Reviewed co-counsel edits to draft 26(f) report and draft discovery | 0.3 | $825.00 | $247.50 |
| 2020.11.30 | Quinnipiac University Tuition | SNW | Reviewed email from D. Kuroswki to local counsel re: 26(f) report | 0.1 | $825.00 | $82.50 |
| 2020.12.01 | Quinnipiac University Tuition | SNB | Draft Notice of Supplemental Authority | 0.5 | $400.00 | $200.00 |
| 2020.12.01 | Quinnipiac University Tuition | SNW | Reviewed plaintiff's first set of discovery requests | 0.2 | $825.00 | $165.00 |
| 2020.12.02 | Quinnipiac University Tuition | JGM | Save Doc to Box - Minute Entry, 1 file | 0.1 | $300.00 | $30.00 |
| 2020.12.02 | Quinnipiac University Tuition | SNW | Attended hearing on motion to dismiss (.7); email exchange w/ co-counsel following hearing (.2) | 0.9 | $825.00 | $742.50 |
| 2020.12.03 | Quinnipiac University Tuition | JGM | Finalize - Notice of Supplemental Authority | 0.2 | $300.00 | $60.00 |
| 2020.12.03 | Quinnipiac University Tuition | SNB | Edit Notice of Supplemental Authority re: add three new cases to support position | 0.3 | $400.00 | $120.00 |
| 2020.12.03 | Quinnipiac University Tuition | SNW | Reviewed emails from defense counsel re: edits to joint draft 26(f) report | 0.2 | $825.00 | $165.00 |
| 2020.12.07 | Quinnipiac University Tuition | JGM | Save Doc to Box - Report, 1 file | 0.1 | $300.00 | $30.00 |
| 2020.12.07 | Quinnipiac University Tuition | SNW | Email exchange w/ co-counsel re: notice of supplemental authority; email exchange w/ SNB re: same | 0.2 | $825.00 | $165.00 |
| 2020.12.08 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice of Supplemental Authority, 6 files | 0.1 | $300.00 | $30.00 |

Quinnipiac University Tuition - Bursor Fisher, P.A. Billing Diaries

| | | | | | | |
|---|---|---|---|---|---|---|
| 2020.12.09 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 files | 0.1 | $300.00 | $30.00 |
| 2020.12.09 | Quinnipiac University Tuition | JGM | Create Calendar Entries - Order | 0.3 | $300.00 | $90.00 |
| 2020.12.09 | Quinnipiac University Tuition | SNW | Reviewed order on pre-trial deadlines & email exchange w/ co-counsel re: same | 0.2 | $825.00 | $165.00 |
| 2020.12.10 | Quinnipiac University Tuition | JGM | Update Weekly Status Sheet | 0.2 | $300.00 | $60.00 |
| 2020.12.17 | Quinnipiac University Tuition | RLM | Drafted NSA | 0.3 | $500.00 | $150.00 |
| 2020.12.18 | Quinnipiac University Tuition | RLM | Updated NSA w/ RIT decision | 0.1 | $500.00 | $50.00 |
| 2020.12.22 | Quinnipiac University Tuition | JGM | Save Doc to Box - Motion, 1 file | 0.1 | $300.00 | $30.00 |
| 2020.12.28 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.01.04 | Quinnipiac University Tuition | JGM | Save Doc to Box - Response, 6 files | 0.2 | $300.00 | $60.00 |
| 2021.01.04 | Quinnipiac University Tuition | SNW | Reviewed response to defendant's notice of suppelemntal authority | 0.2 | $825.00 | $165.00 |
| 2021.01.08 | Quinnipiac University Tuition | SNW | Reviewed and analyzed defendant's insurance policies (.5); conf. w/ AML re: same (.1) | 0.6 | $825.00 | $495.00 |
| 2021.01.08 | Quinnipiac University Tuition | SNW | Reviewed defendant's initial disclosures & correspondence re: same | 0.3 | $825.00 | $247.50 |
| 2021.01.14 | Quinnipiac University Tuition | SNW | Reviewed order directing supplemental briefing re: motion to dismiss on standing issue | 0.1 | $825.00 | $82.50 |
| 2021.01.14 | Quinnipiac University Tuition | SNW | Email exchange w/ AML and D. Kurowski re: case strategy | 0.2 | $825.00 | $165.00 |
| 2021.01.15 | Quinnipiac University Tuition | SNW | Reviewed email from AML to co-counsel re: court's request for supplemental briefin | 0.1 | $825.00 | $82.50 |
| 2021.01.20 | Quinnipiac University Tuition | SNW | Reviewed emails from AML and D. Kurowski re: parent standing issue | 0.2 | $825.00 | $165.00 |
| 2021.01.21 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.01.27 | Quinnipiac University Tuition | SNW | Reviewed email exchanges between AML and co-counsel re: additional briefing on parent standing issue | 0.2 | $825.00 | $165.00 |
| 2021.01.28 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.01.29 | Quinnipiac University Tuition | AML | Reviewed draft parental standing brief | 2.4 | $650.00 | $1,560.00 |
| 2021.01.29 | Quinnipiac University Tuition | SNW | Reviewed draft supplemental brief re: standing (.4) & conf. w/ AML re: same (.1) | 0.5 | $825.00 | $412.50 |
| 2021.02.01 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.02.01 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.02.01 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 3 files | 0.1 | $300.00 | $30.00 |
| 2021.02.01 | Quinnipiac University Tuition | SNW | Reviewed email from defense counsel re: objections to discovery responses | 0.1 | $825.00 | $82.50 |
| 2021.02.21 | Quinnipiac University Tuition | SNW | Reviewed draft objections and responses to defendant's requests for production | 0.3 | $825.00 | $247.50 |
| 2021.02.25 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.02.26 | Quinnipiac University Tuition | AEL | Send 2 adobe esign doc (ROGS) to Richard Hotter (.1) | 0.1 | $275.00 | $27.50 |
| 2021.02.26 | Quinnipiac University Tuition | SNW | Reviewed email from co-counsel re: service of plaintiffs' responses and objections to defendant's discovery requests | 0.1 | $825.00 | $82.50 |
| 2021.03.01 | Quinnipiac University Tuition | AEL | Called Client Richard Hotter re signing ROG Responses (.1) | 0.1 | $275.00 | $27.50 |
| 2021.03.01 | Quinnipiac University Tuition | SNW | Reviewed email from AML re: discovery responses (.1); reviewed same (.2) | 0.3 | $825.00 | $247.50 |
| 2021.03.02 | Quinnipiac University Tuition | SNW | Reviewed defendant's notice of supplemental authority | 0.2 | $825.00 | $165.00 |
| 2021.03.03 | Quinnipiac University Tuition | JGM | Finalize - NSA | 0.3 | $300.00 | $90.00 |
| 2021.03.03 | Quinnipiac University Tuition | JGM | FIle Notice of Supplemental Authority | 0.2 | $300.00 | $60.00 |
| 2021.03.03 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 3 files | 0.1 | $300.00 | $30.00 |
| 2021.03.03 | Quinnipiac University Tuition | SNW | Reviewed plaintiff notice of supplemental authority | 0.2 | $825.00 | $165.00 |
| 2021.03.04 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.03.05 | Quinnipiac University Tuition | SNW | Reviewed defendant's notice of supplemental authority | 0.2 | $825.00 | $165.00 |
| 2021.03.22 | Quinnipiac University Tuition | SNW | Reviewed defendant's notice of supplemental authority | 0.2 | $825.00 | $165.00 |
| 2021.03.25 | Quinnipiac University Tuition | AML | Analyzed MTD order | 2.1 | $650.00 | $1,365.00 |
| 2021.03.25 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.03.25 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.03.25 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.03.25 | Quinnipiac University Tuition | SNW | Reviewed order on MTD (1.4); emailed AML re: same (.1) | 1.5 | $825.00 | $1,237.50 |
| 2021.03.26 | Quinnipiac University Tuition | EMW | Sent MTD order to westlaw for publishing (.1) | 0.1 | $300.00 | $30.00 |
| 2021.04.08 | Quinnipiac University Tuition | JGM | Save Doc to Box - Answer, 1 file | 0.1 | $300.00 | $30.00 |

| Date | Client | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 2021.04.09 | Quinnipiac University Tuition | AML | Call w/ D. Kurowski and W. Siehl re: next steps in discovery (0.3); drafted settlement letter (1.8); drafted proposed term sheet (1.1); prepared exhibit to settlement letter (0.2) | 3.4 | $650.00 | $2,210.00 |
| 2021.04.09 | Quinnipiac University Tuition | SNW | Reviewed answer to amended complaint | 0.3 | $825.00 | $247.50 |
| 2021.04.12 | Quinnipiac University Tuition | RLM | Emailed AML re: discovery responses | 0.1 | $500.00 | $50.00 |
| 2021.04.12 | Quinnipiac University Tuition | RLM | Drafted discovery responses chart | 2 | $500.00 | $1,000.00 |
| 2021.04.12 | Quinnipiac University Tuition | SNW | Reviewed emails from AML and RLM re: discovery assignments | 0.2 | $825.00 | $165.00 |
| 2021.04.13 | Quinnipiac University Tuition | RLM | Edited discovery responses chart | 0.8 | $500.00 | $400.00 |
| 2021.04.14 | Quinnipiac University Tuition | JGM | Save Doc to Box - Notice, 2 files | 0.1 | $300.00 | $30.00 |
| 2021.04.23 | Quinnipiac University Tuition | AML | Prepared for (1) and attended (0.4) meet and confer call | 1.4 | $650.00 | $910.00 |
| 2021.04.23 | Quinnipiac University Tuition | SNW | Reviewed email from co-counsel re: discovery responses and outstanding issues to address with defense counsel | 0.1 | $825.00 | $82.50 |
| 2021.04.26 | Quinnipiac University Tuition | AML | Drafted ESI protocol (1.4); drafted protective order (1.1); drafted stip re authenticity (0.4) | 2.9 | $650.00 | $1,885.00 |
| 2021.05.06 | Quinnipiac University Tuition | AML | Drafted stipulation re expert discovery | 0.8 | $650.00 | $520.00 |
| 2021.05.17 | Quinnipiac University Tuition | SNW | Reviewed email from defendants re: document production | 0.1 | $825.00 | $82.50 |
| 2021.05.20 | Quinnipiac University Tuition | AML | Edits to draft settlement materials | 2.7 | $650.00 | $1,755.00 |
| 2021.05.21 | Quinnipiac University Tuition | AML | Final edits to draft settlement letter and draft term sheet | 0.8 | $650.00 | $520.00 |
| 2021.05.21 | Quinnipiac University Tuition | SNW | Reviewed draft settlement letter and emails among co-counsel re: same | 0.3 | $825.00 | $247.50 |
| 2021.06.04 | Quinnipiac University Tuition | SNW | Reviewed email exchange w/ co-counsel re: joint stupualtion on discovery schedule & draft of same | 0.3 | $825.00 | $247.50 |
| 2021.06.09 | Quinnipiac University Tuition | JGM | Save Doc to Box - Motion, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.06.16 | Quinnipiac University Tuition | SNW | Reviewed emails from AML and defense cousnel re: settlement discussions | 0.2 | $825.00 | $165.00 |
| 2021.06.22 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.06.23 | Quinnipiac University Tuition | SNW | Reviewed plaintiff edits to proposed ESI protocol and protective order & email from D. Kurowski re: same | 0.3 | $825.00 | $247.50 |
| 2021.06.23 | Quinnipiac University Tuition | SNW | Reviewed email from D. Kurowski re: teleconfernece summary | 0.2 | $825.00 | $165.00 |
| 2021.07.08 | Quinnipiac University Tuition | SNW | Reviewed email from D. Kurowski re: ESI search parameters | 0.1 | $825.00 | $82.50 |
| 2021.07.09 | Quinnipiac University Tuition | SNW | Reviewed email from defense counsel re: ESI protocol, protective order, and search terms | 0.2 | $825.00 | $165.00 |
| 2021.07.14 | Quinnipiac University Tuition | SNW | Reviewed emails from AML and defense counsel re: settlement discussions | 0.1 | $825.00 | $82.50 |
| 2021.07.14 | Quinnipiac University Tuition | SNW | Reviewed email exchange among counsel re: teleconference | 0.1 | $825.00 | $82.50 |
| 2021.07.16 | Quinnipiac University Tuition | SNW | Reviewed email from co-counsel re: teleconference | 0.1 | $825.00 | $82.50 |
| 2021.08.13 | Quinnipiac University Tuition | JGM | Save Doc to Box - Motion, 3 files | 0.1 | $300.00 | $30.00 |
| 2021.08.17 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.08.18 | Quinnipiac University Tuition | SNW | Reviewed order regarding serach for and production of discovery material | 0.1 | $825.00 | $82.50 |
| 2021.08.18 | Quinnipiac University Tuition | SNW | Reviewed order granting motion for protective order | 0.1 | $825.00 | $82.50 |
| 2021.08.19 | Quinnipiac University Tuition | JGM | Save Doc to Box - Order, 1 file | 0.1 | $300.00 | $30.00 |
| 2021.09.14 | Quinnipiac University Tuition | SNW | Emailed AML re: discussion w/ defense counsel re: resolution | 0.1 | $825.00 | $82.50 |
| 2021.09.16 | Quinnipiac University Tuition | JGM | Save Doc to Box - Discovery, 2 files | 0.2 | $300.00 | $60.00 |
| 2021.11.05 | Quinnipiac University Tuition | SNW | Reviewed email exchange betweeen AML and defense counsel re: class certification briefing | 0.2 | $825.00 | $165.00 |
| 2021.11.08 | Quinnipiac University Tuition | SNW | Reviewed email exchange among counsel re: schedule extension | 0.1 | $825.00 | $82.50 |
| 2021.11.09 | Quinnipiac University Tuition | SNW | Reviewed order amending deadlines | 0.1 | $825.00 | $82.50 |
| 2021.11.10 | Quinnipiac University Tuition | JGM | Create Calendar Entries - Order | 0.2 | $300.00 | $60.00 |
| 2021.11.11 | Quinnipiac University Tuition | JGM | Create Calendar Entries - Order | 0.3 | $300.00 | $90.00 |
| 2021.11.11 | Quinnipiac University Tuition | JGM | Update WSS | 0.2 | $300.00 | $60.00 |
| 2021.11.17 | Quinnipiac University Tuition | JGM | Save Doc to Box - Motion, 2 files | 0.1 | $300.00 | $30.00 |
| 2022.01.27 | Quinnipiac University Tuition | AML | Call w/ D. Kurowski re next steps (0.5); research re class cert (3.1) | 3.6 | $650.00 | $2,340.00 |
| 2022.02.02 | Quinnipiac University Tuition | SNW | Conf. w/ AML re: class certification | 0.1 | $825.00 | $82.50 |
| 2022.02.03 | Quinnipiac University Tuition | AML | Conf. w/ JDA re next steps | 0.9 | $650.00 | $585.00 |
| 2022.02.03 | Quinnipiac University Tuition | JDA | Call with co-counsel | 0.3 | $875.00 | $262.50 |
| 2022.02.03 | Quinnipiac University Tuition | JDA | Discuss case with AML | 0.9 | $875.00 | $787.50 |

| 2022.02.03 | Quinnipiac University Tuition | SNW | Reviewed email from defense counsel re: ROG responses | 0.1 | $825.00 | $82.50 |
|---|---|---|---|---|---|---|
| 2022.02.04 | Quinnipiac University Tuition | AML | Research re 30(b)(6) notice (2.4); drafted 30(b)(6) depo notice (1.2) | 3.6 | $650.00 | $2,340.00 |
| 2022.02.07 | Quinnipiac University Tuition | JDA | Review and revise 30(b)(6) notice | 0.8 | $875.00 | $700.00 |
| 2022.02.08 | Quinnipiac University Tuition | AML | M&C call w/ defense counsel (0.3); drafted joint motion for scheduling extension (0.8) | 1.1 | $650.00 | $715.00 |
| 2022.02.23 | Quinnipiac University Tuition | AML | Prepared for (1) and attended status conference (0.3) | 1.3 | $650.00 | $845.00 |
| 2022.03.02 | Quinnipiac University Tuition | AML | Call w/ JDA re strategy | 0.7 | $650.00 | $455.00 |
| 2022.03.02 | Quinnipiac University Tuition | AML | Drafted fact witness depo notices and new RFPs | 4.1 | $650.00 | $2,665.00 |
| 2022.03.02 | Quinnipiac University Tuition | JDA | Discuss case with A. Leslie | 0.7 | $875.00 | $612.50 |
| 2022.03.02 | Quinnipiac University Tuition | JDA | Discuss case with damages expert | 0.3 | $875.00 | $262.50 |
| 2022.03.02 | Quinnipiac University Tuition | JDA | Research re damages | 2.6 | $875.00 | $2,275.00 |
| 2022.03.02 | Quinnipiac University Tuition | JDA | Call with co-counsel | 0.3 | $875.00 | $262.50 |
| 2022.03.03 | Quinnipiac University Tuition | AML | Team call (0.3); finalized new draft RFPs (1) | 1.3 | $650.00 | $845.00 |
| 2022.03.03 | Quinnipiac University Tuition | JDA | Call with experts | 0.3 | $875.00 | $262.50 |
| 2022.03.24 | Quinnipiac University Tuition | JDA | Call with experts | 0.3 | $875.00 | $262.50 |
| 2022.03.25 | Quinnipiac University Tuition | AML | Drafted new set of RFPs | 0.9 | $650.00 | $585.00 |
| 2022.04.05 | Quinnipiac University Tuition | JDA | Make demand to Defendant | 0.5 | $875.00 | $437.50 |
| 2022.04.21 | Quinnipiac University Tuition | AML | Began research on class cert brief (2.6); began drafting class cert. brief (2.5) | 5.1 | $650.00 | $3,315.00 |
| 2022.04.22 | Quinnipiac University Tuition | AML | Prepared for (0.3) and attended M&C call (0.5) | 0.8 | $650.00 | $520.00 |
| 2022.04.22 | Quinnipiac University Tuition | JDA | Meet and confer call | 0.4 | $875.00 | $350.00 |
| 2022.04.25 | Quinnipiac University Tuition | AML | Class cert brief drafting | 5.6 | $650.00 | $3,640.00 |
| 2022.04.29 | Quinnipiac University Tuition | AML | Prepared for (0.3) and attended (0.3) meet and confer call; class certification drafting (1.2) | 1.8 | $650.00 | $1,170.00 |
| 2022.04.29 | Quinnipiac University Tuition | JDA | Meet and confer call | 0.3 | $875.00 | $262.50 |
| 2022.05.17 | Quinnipiac University Tuition | JDA | Call with E. Heath | 0.4 | $875.00 | $350.00 |
| 2022.06.02 | Quinnipiac University Tuition | AML | Drafted settlement letter (1.5); call with experts (0.2) | 1.7 | $650.00 | $1,105.00 |
| 2022.06.02 | Quinnipiac University Tuition | JDA | Revise demand letter | 0.3 | $875.00 | $262.50 |
| 2022.06.02 | Quinnipiac University Tuition | JDA | Discuss case with experts | 0.2 | $875.00 | $175.00 |
| 2022.06.02 | Quinnipiac University Tuition | JDA | Draft stipulation re email addresses | 0.7 | $875.00 | $612.50 |
| 2022.06.06 | Quinnipiac University Tuition | JDA | Discuss settlement with C. Raabe | 0.3 | $875.00 | $262.50 |
| 2022.06.06 | Quinnipiac University Tuition | JDA | Discuss settlement with E. Heath | 0.2 | $875.00 | $175.00 |
| 2022.06.06 | Quinnipiac University Tuition | JDA | Research MJ-assisted settlements in D. Conn. | 0.4 | $875.00 | $350.00 |
| 2022.06.13 | Quinnipiac University Tuition | AML | Prepared for (1.9) and attended (0.3) status conf. | 2.1 | $650.00 | $1,365.00 |
| 2022.06.13 | Quinnipiac University Tuition | JDA | Discuss case with AML | 0.3 | $875.00 | $262.50 |
| 2022.06.13 | Quinnipiac University Tuition | SNW | Reviewed order re: supplement report following status confernce | 0.1 | $825.00 | $82.50 |
| 2022.06.14 | Quinnipiac University Tuition | SNW | Reviewed Plfs notices of depositions & email from AML to defense cousnel re: same | 1.2 | $825.00 | $990.00 |
| 2022.06.15 | Quinnipiac University Tuition | JDA | Call with co-counsel | 0.3 | $875.00 | $262.50 |
| 2022.06.15 | Quinnipiac University Tuition | JDA | Draft RFPs | 1.4 | $875.00 | $1,225.00 |
| 2022.06.15 | Quinnipiac University Tuition | JDA | Draft Rogs | 1.3 | $875.00 | $1,137.50 |
| 2022.06.15 | Quinnipiac University Tuition | JDA | Draft ESI protocol | 1.2 | $875.00 | $1,050.00 |
| 2022.06.21 | Quinnipiac University Tuition | AML | Drafted supplemental notice to court and prepared exhibits (1.3); research re same (4.4) | 5.7 | $650.00 | $3,705.00 |
| 2022.06.21 | Quinnipiac University Tuition | SNW | Reviewed email exchange between AML and defense cousnel document production issues | 0.2 | $825.00 | $165.00 |
| 2022.06.21 | Quinnipiac University Tuition | SNW | Reviewed notice pursuant to court's June 13 order | 0.2 | $825.00 | $165.00 |
| 2022.06.24 | Quinnipiac University Tuition | AML | Prepared for (0.9) and attended M&C call w/ defense counsel (0.4) | 1.3 | $650.00 | $845.00 |
| 2022.06.27 | Quinnipiac University Tuition | SNW | Reviewed joint stipulatoin re: ADR | 0.1 | $825.00 | $82.50 |
| 2022.06.28 | Quinnipiac University Tuition | JDA | Discuss case with S. Gaskin and team | 0.3 | $875.00 | $262.50 |
| 2022.06.28 | Quinnipiac University Tuition | JDA | Review orders | 0.2 | $875.00 | $175.00 |
| 2022.06.28 | Quinnipiac University Tuition | SNW | Reviewed order referring case to magistrate for settlement discussions | 0.1 | $825.00 | $82.50 |
| 2022.06.28 | Quinnipiac University Tuition | SNW | Reviewed order suspending case deadlines until settlement conference | 0.1 | $825.00 | $82.50 |
| 2022.07.05 | Quinnipiac University Tuition | EMW | Drafted JDA PHV (.4) | 0.4 | $300.00 | $120.00 |

Quinnipiac University Tuition - Bursor Fisher, P.A. Billing Diaries

| 2022.07.05 | Quinnipiac University Tuition | JGM | Confer w/AML re PHV; ALM said he would request EMW handle | 0.1 | $300.00 | $30.00 |
|---|---|---|---|---|---|---|
| 2022.07.08 | Quinnipiac University Tuition | JDA | Coordinate schedules for mediation call | 0.5 | $875.00 | $437.50 |
| 2022.07.11 | Quinnipiac University Tuition | JDA | Attend mediation call | 0.4 | $875.00 | $350.00 |
| 2022.07.11 | Quinnipiac University Tuition | SNW | Reviewed orders re: pre-settlement conference & schedule for additional settlement conference | 0.2 | $825.00 | $165.00 |
| 2022.08.11 | Quinnipiac University Tuition | SNW | Reviewed emails from court clerk re: status conference & emails w/ co-counsel re: same | 0.3 | $825.00 | $247.50 |
| 2022.08.18 | Quinnipiac University Tuition | SNW | Reviewed emails re: mediation preparations & reviewed draft mediation statement | 0.5 | $825.00 | $412.50 |
| 2022.08.22 | Quinnipiac University Tuition | AML | Drafted opening demand letter (0.5); research re same (0.7) | 1.2 | $650.00 | $780.00 |
| 2022.08.23 | Quinnipiac University Tuition | AML | Research re mediation statement (3.6); drafted mediation statement (3.8); circulated to team (0.1) | 7.5 | $650.00 | $4,875.00 |
| 2022.08.23 | Quinnipiac University Tuition | SNW | Reviewed draft settlement demand letter and email exchanges among co-counsel re: edits to same | 0.3 | $825.00 | $247.50 |
| 2022.08.29 | Quinnipiac University Tuition | SNW | Reviewed co-counsel edits to draft mediation statement | 0.2 | $825.00 | $165.00 |
| 2022.08.31 | Quinnipiac University Tuition | SNW | Reviewed final mediation statement & emails from co-counsel re: same | 2.3 | $825.00 | $1,897.50 |
| 2022.09.06 | Quinnipiac University Tuition | SNW | Prepared for mediation w Judge Spector | 3.3 | $825.00 | $2,722.50 |
| 2022.09.07 | Quinnipiac University Tuition | JDA | Attend mediation | 6.6 | $875.00 | $5,775.00 |
| 2022.09.07 | Quinnipiac University Tuition | SNW | Attended mediation with Mag. Judge Spector | 6.6 | $825.00 | $5,445.00 |
| 2022.09.07 | Quinnipiac University Tuition | SNW | Reviewed mediation notes & sent same to JDA and AML | 0.3 | $825.00 | $247.50 |
| 2022.09.15 | Quinnipiac University Tuition | JDA | Attend call with Judge Spector | 0.2 | $875.00 | $175.00 |
| 2022.09.15 | Quinnipiac University Tuition | JDA | Discuss settlement with co-counsel | 0.4 | $875.00 | $350.00 |
| 2022.09.23 | Quinnipiac University Tuition | JDA | Call with MJ re settlement | 0.2 | $875.00 | $175.00 |
| 2022.09.26 | Quinnipiac University Tuition | SNW | Reviewed order re: settlemnet conference continued | 0.2 | $825.00 | $165.00 |
| 2022.10.03 | Quinnipiac University Tuition | JDA | Attend mediation | 5.2 | $875.00 | $4,550.00 |
| 2022.10.03 | Quinnipiac University Tuition | SNW | Conf. w/ JDA re: mediation; updated mediaiton notes | 0.3 | $825.00 | $247.50 |
| 2022.10.03 | Quinnipiac University Tuition | SNW | Reviewed final term sheet & emails from JDA and SAB re: same | 0.5 | $825.00 | $412.50 |
| 2022.10.04 | Quinnipiac University Tuition | AML | Drafted long form settlement agreement | 3.7 | $650.00 | $2,405.00 |
| 2022.10.05 | Quinnipiac University Tuition | SNW | Reviewed draft settlement agreement & email exchange w/ co-counsel re: same | 0.7 | $825.00 | $577.50 |
| 2022.10.19 | Quinnipiac University Tuition | JDA | Call with Defendant | 0.3 | $875.00 | $262.50 |
| 2022.10.21 | Quinnipiac University Tuition | JDA | Review settlement agreement edits | 0.6 | $875.00 | $525.00 |
| 2022.11.01 | Quinnipiac University Tuition | JDA | Attend call re settlement | 0.4 | $875.00 | $350.00 |
| 2022.11.03 | Quinnipiac University Tuition | AML | Prelim approval drafting | 5.6 | $650.00 | $3,640.00 |
| 2022.11.03 | Quinnipiac University Tuition | JDA | Review settlement agreement edits | 0.3 | $875.00 | $262.50 |
| 2022.11.03 | Quinnipiac University Tuition | SNW | Email exchanges w/ co-counsel re: settlement agreement edits; reviewed same | 0.5 | $825.00 | $412.50 |
| 2022.11.14 | Quinnipiac University Tuition | JDA | Review preliminary approval motion | 2.1 | $875.00 | $1,837.50 |
| 2022.11.15 | Quinnipiac University Tuition | SNW | Reviewed email from D. Kurowski to defense counsel re: edits to settlement agreement; reviewed same | 0.3 | $825.00 | $247.50 |
| 2022.11.16 | Quinnipiac University Tuition | AML | Drafted JDA decl ISO prelim approval (2.3); edits to PA brief (2.5); edits to stipulated undertaking (1.1) | 5.9 | $650.00 | $3,835.00 |
| 2022.11.16 | Quinnipiac University Tuition | AML | Additional edits (2.9) and research (1.3) re PA brief | 4.2 | $650.00 | $2,730.00 |
| 2022.11.17 | Quinnipiac University Tuition | RSR | Formatted and prepared tables for PA brief (.5) | 0.5 | $300.00 | $150.00 |
| 2022.11.30 | Quinnipiac University Tuition | JDA | Finalize settlement and preliminary approval papers | 1.7 | $875.00 | $1,487.50 |
| 2022.12.02 | Quinnipiac University Tuition | AML | Finalized mtn for PA and exhibits, declarations | 4.1 | $650.00 | $2,665.00 |
| 2022.12.02 | Quinnipiac University Tuition | SNW | Reviewed email exchanges among co-counsel re: preliminary approval papers and final edits of same | 0.4 | $825.00 | $330.00 |
| 2022.12.12 | Quinnipiac University Tuition | JDA | Review preliminary approval papers | 4.6 | $875.00 | $4,025.00 |
| 2022.12.12 | Quinnipiac University Tuition | JDA | Call with co-counsel | 0.1 | $875.00 | $87.50 |
| 2022.12.12 | Quinnipiac University Tuition | JDA | Call with opposing counsel | 0.1 | $875.00 | $87.50 |
| 2022.12.12 | Quinnipiac University Tuition | JDA | Attend telephonic conference | 0.2 | $875.00 | $175.00 |
| 2022.12.14 | Quinnipiac University Tuition | SNW | Reviewed JND declaration re: motion for preliminary arppoval | 0.3 | $825.00 | $247.50 |

**EXHIBIT C**

| | | | | |
|---|---|---|---|---|
| **Bursor & Fisher, P.A. - Quinnipiac University Tuition Expenses** | | | | |
| | | $400.00 | | Filing Fees |
| | | $206.00 | | Service of Process Fees |
| | | $32,986.25 | | Expert Expenses |
| | | | | |
| | | **$33,592.25** | | **Total Expenses** |
| | | | | |
| **Filing Fees** | | | | |
| | | | | |
| **DATE** | **MATTER** | **AMOUNT** | | **DESCRIPTION** |
| 2020.05.06 | Quinnipiac University Tuition | $400.00 | | Courts/USDC-NJ |
| | | **$400.00** | | **Total Filing Fees** |
| | | | | |
| **Service of Process Fees** | | | | |
| | | | | |
| **DATE** | **MATTER** | **AMOUNT** | | **DESCRIPTION** |
| 2020.05.20 | Quinnipiac University Tuition | $206.00 | | First Legal - Complaint service |
| | | **$206.00** | | **Total Service of Process Fees** |
| | | | | |
| **Expert Expenses** | | | | |
| | | | | |
| **DATE** | **MATTER** | **AMOUNT** | | **DESCRIPTION** |
| 2022.03.17 | Quinnipiac University Tuition | $2,155.00 | | Applied Marketing Science, Inc. |
| 2022.04.14 | Quinnipiac University Tuition | $9,405.00 | | Applied Marketing Science, Inc. |
| 2022.07.11 | Quinnipiac University Tuition | $1,400.00 | | Steven P. Gaskin, LLC |
| 2022.07.27 | Quinnipiac University Tuition | $18,626.25 | | Applied Marketing Science, Inc. |
| 2022.09.02 | Quinnipiac University Tuition | $1,400.00 | | Steven P. Gaskin, LLC |
| | | **$32,986.25** | | **Total Expert Expenses** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that on February 27, 2023, I filed this document through the Court's CM/ECF system, which caused this document to be served electronically to all counsel of record. In addition, I directed true and correct copies of this document and all attachments thereto to be uploaded to the "Important Documents" section of this case's Settlement Website for public viewing, available at https://www.qusettlement.com/ documents.

*/s/ Daniel J. Kurowski*
Daniel J. Kurowski
