## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZOEY METZNER and DOMINIC GRAVINO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>QUINNIPIAC UNIVERSITY,<br><br>                Defendant. | Case No. 3:20-cv-00784-KAD<br><br>February 27, 2023 |

## DECLARATION OF CRAIG A. RAABE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS

I, Craig A. Raabe, hereby declare as follows:

1.      I am a partner with the law firm Izard Kindall & Raabe LLP ("IKR"). I submit this declaration in support of Class Counsel's motion for an award of attorney fees in connection with services rendered in this action, as well as for payment of expenses incurred by my firm in connection with the action. I have personal knowledge of the facts stated in this declaration and, if called upon, could and would truthfully testify to these facts.

2.      Together with Hagens Berman Sobol Shapiro LLP and Bursor & Fisher, P.A., IKR is currently serving as one of three appointed co-lead Class Counsel in this action under the Court's Order Granting Preliminary Approval.  *See* ECF No. 125 at ¶ 8.

3.      IKR was involved in all aspects of the litigation from its inception through settlement. IKR has decades of experience prosecuting large class actions such as this case.

**Credentials of IKR**

4.      Attached as Exhibit A is a true and correct copy of the Firm Resume of IKR.

**IKR s Lodestar and Expenses**

5.      Since 2020, IKR has invested significant time, effort, and resources in the litigation with no compensation.

6.      Cognizant of the risk of nonpayment, IKR took this case on a pure contingency basis and committed substantial resources of attorney and staff time toward litigating this action.

7.      The schedule attached hereto as Exhibit B is a true and correct copy of a detailed summary indicating the amount of time spent by each IKR attorney and professional support staff employee who devoted hours to the action from its inception through and including February 15, 2023, and the lodestar calculation for those individuals based on their current hourly rates. For personnel who are no longer employed by IKR, the lodestar calculation is based upon the hourly rates for such personnel in their final year of employment with my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by IKR.

8.      As a partner responsible for supervising my firm's work on this case, I reviewed these time and expense records to prepare this declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation. In addition, all time expended in preparing this application for fees and expenses has been excluded.

9.      Following this review, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as stated in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, based on my experience in similar litigation, the expenses

are all of a type that would normally be billed to a fee-paying client in the private legal marketplace.

10.     The hourly rates for the IKR attorneys and professional support staff employees included in Exhibit B are their standard rates charged to hourly billing clients (some hourly clients are provided a modest quick-payment discount) and are the same as, or comparable to, the rates submitted by my firm and accepted by courts for lodestar cross-checks in other class action fee applications. My firm's rates are set based on periodic analysis of rates used by firms performing comparable work and that have been approved by courts. Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

11.     The total number of hours expended on this action by my firm from the inception of the case through and including February 15, 2023, is 54.05 hours. The total lodestar for IKR for that period is $44,252.50. IKR's lodestar figures are based upon the firm's hourly rates described above, which do not include expense items. Expense items are recorded separately, and these amounts are not duplicated in IKR's hourly rates.

12.     As detailed in Exhibit C, IKR also incurred a total of $1,730.09 in expenses incurred in connection with this action.

13.     The expenses reflected in Exhibit C are the expenses actually incurred by IKR.

14.     The expenses incurred in this action are reflected in the records of my firm, which are regularly prepared and maintained in the ordinary course of business. These records are

prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 27, 2023                    */s/ Craig A. Raabe*
                                         Craig A. Raabe

# EXHIBIT A

## IZARD, KINDALL & RAABE, LLP

## FIRM RESUME



## <u>FIRM RESUME</u>

Izard, Kindall & Raabe LLP ("IKR")[1] is one of the premier firms engaged in class action litigation on behalf of consumers, investors and employees.  In the consumer area, the Firm has served or is serving as lead counsel in cases involving a variety of industries including banking, *Mathena v. Webster Bank, N.A.,* Civil Action No. 3:10-cv-01448-SRU (D. Conn), *Farb v. Peoples United Bank,* UWY-CV11-6009779-S (Conn Sup. Ct); *Forgione v. Webster Bank, N.A.,* No. X10-UWY-CV-12-6015956-S (Conn. Sup. Ct.); wholesale milk pricing, *Ice Cream Liquidation, Inc. v. Land O'Lakes, Inc.,* No. 02-cv-0377 (D. Conn.); book printing and distribution, *Booklocker.com, Inc. v. Amazon.com*, 08-cv-00160-JAW (D. Me); gasoline distribution, *Wyatt Energy v. Motiva Enterprises, LLC,* X01 cv 02-0174090-S (Conn. Super Ct); and electricity supply contracts, *Chandler v. Discount Power,* No. X03-HHD-CV14-6055537 (Conn. Super. Ct.), *Edwards v. North American Power & Gas, LLC,* No. 3:14-cv-1714 (D. Conn.), *Gruber v. Starion Energy, Inc.,* No. 3:14-cv-01828 (D. Conn.), *Jurich v. Verde Energy, USA, Inc.,* No. HHD-cv-156060160 (Conn. Super. Ct.), *Sanborn v. Viridian Energy, Inc.,* No. 3:14-cv-01731 (D. Conn.), and *Steketee v. Viridian Energy, Inc.,* No. 3:15-cv-00585.

IKR is representing, or has represented, purchasers of a variety of consumer products in unfair trade practice cases, including *Langan v. Johnson & Johnson Consumer Companies, Inc.,*

---

[1] Formerly known as Izard Nobel LLP, Schatz Nobel Izard, P.C., and Schatz & Nobel, P.C.

Nos. 13-cv-01470 (D. Conn.), *Morales v. Conopco Inc., d/b/a Unilever,* No. 2:13-cv-2213 (ED Cal.), and *Balser v. The Hain Celestial Group, Inc.,* No. 13-cv-5604 (C.D. Cal.). The Firm's successful consumer practice is informed by our lawyers' work prior to joining IKR.   For example, Robert Izard and Craig Raabe were partners at a large, regional law firm and handled trial matters across the United States for plaintiffs and defendants, while Seth Klein worked for the consumer protection department of the Connecticut Attorney General's Office.

Our practice is also built upon the Firm's decades of experience in class action litigation where we have frequently served as lead or co-lead counsel, including:

- *Overby v. Tyco Int'l, Ltd.,* No. 02-CV-1357-B (D.N.H.);

- *In re Reliant Energy ERISA Litig.,* No. H-02-2051 (S.D. Tex.);

- *In re AOL Time Warner, Inc. Sec. and ERISA Litig.,* MDL Docket No. 1500 (S.D.N.Y.);

- *Furstenau v. AT&T,* Case No. 02 CV 8853 (D.N.J.);

- *In re AEP ERISA Litig.,* Case No. C2-03-67 (S.D. Ohio);

- *In re JDS Uniphase Corp. ERISA Litig.,* Civil Action No. 03-4743-CW (N.D. Cal.);

- *In re Sprint Corporation ERISA Litig.,* Master File No. 2:03-CV-02202-JWL (D. Kan.);

- *In re Cardinal Health, Inc. ERISA Litig.,* Case No. C 2-04-642 (S.D. Ohio);

- *Spear v. Hartford Fin. Svcs Group. Inc.,* No. 04-1790 (D. Conn.);

- *In re Merck & Co., Inc. Sec., Derivative and ERISA Litig.,* MDL No. 1658 (D.N.J.);

- *In re Diebold ERISA Litig.* No. 5:06-CV- 0170 (N.D. Ohio);

- *In re Bausch & Lomb, Inc. ERISA Litig.,* Master File No. 06-CV-6297-MAT-MWP (W.D.N.Y.);

- *In re Hartford Fin. Svcs Group. Inc. ERISA Litig.,* No. 08-1708 (D. Conn.);

- *In re Merck & Co., Inc. Vytorin ERISA Litig.*, MDL No. 1938, 05-CV-1974 (D.N.J.);

- *Mayer v. Admin. Comm. of Smurfit Stone Container Corp.*, 09-CV-2984 (N.D. IL.);

- *In re YRC Worldwide ERISA Litig.,* Case No. 09-CV-02593 (D. Kan);

- *Board of Trustees v. JP Morgan Chase Bank*, Case No. 09-cv-9333 (S.D.N.Y.);

- *White v. Marshall & Ilsley Corp.*, No. 10-CV-00311 (E.D. Wis.);

- *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-CV-10610 (E.D. Mich.);

- *In re Eastman Kodak ERISA Litig.*, Master File No. 6:12-cv-06051-DGL (W.D.N.Y.);

- *Kemp-DeLisser v. Saint Francis Hospital and Medical Center*, Civil Action No. 3:15-cv-01113-VAB (D. Conn.);

- *Tucker v. Baptist Health System, Inc.*, Case No. 2:15-cv-00382-SLB (N.D.AL.);

- *Cryer v. Franklin Resources, Inc.,* No. 4:16-cv-04265 (N.D. Cal.);

- *Bishop-Bristol v. Massachusetts Mutual Life Insurance Company*, No. 3:16-cv-30082-MGM (D. Mass.);

- *Matthews v. Reliance Trust Company*, No. 1:16-cv-04773 (N.D. Ill.);

- *Brace v. Methodist Le Bonheur Healthcare,* No. 16-cv-2412-SHL-tmp (W.D. Tenn.);

- *Nicholson v. Franciscan Missionaries of our Lady Health Systems,* No. 16-CV-258-SDD-EWD (M.D. LA);

- *In re Mercy Health ERISA Litig.,* No. a:16-cv-441 (S.D. Ohio);

- *Negron v. Cigna Corp.,* No. 3:16-cv-01702 (D. Conn.);

- *Schultz v. Edward D. Jones & Co.,* No. 4:16-cv-01346 (E.D. Mo.);

- *Larson v. Allina Health Syst.,* No. 0:17-cv-03835 (D. Minn.);

- *Johnson v. Providence Health & Services,* No. 2:17-cv-01779 (W.D. Wash.);

- *Berry v. Wells Fargo & Co.,* No. 3:17-304 (D.S.C.);

- *Neufeld v. Cigna Health & Life Ins.,* No. 3:17-cv-01693 (D. Conn.);

- *Myers v. 401(k) Fiduciary Comm. for Seventy Seven Energy,* No. 5:17-cv-00200 (D. Okl.);

- *Quatrone v. Gannett Co., Inc.,* No. 1:18-cv-00325 (E.D. Va);

- *Reidt v. Frontier Communications Corp.,* No. 3:18-cv-01538 (D. Conn.);

- *Sohmer v. UnitedHealth Group, Inc.,* No. 0:18-cv-03191 (D. Minn.);

- *Masten v. Metropolitan Life Ins. Co.,* No. 1:18-cv-11229 (S.D.N.Y.)

- *Smith v. U.S. Bancorp,* No. 0:18-cv-03405 (D. Minn.);

- *Paetzold v. Metropolitan District Commission*, X07-HHD-CV-18-6090558-S (Conn.)

- *Mannino v. Louisiana Health Serv. & Indemnity Co.,* No. 3:19-cv-00185 (M.D. La.);

- *Herndon v. Huntington-Ingalls Industries, Inc.,* No. 4:19-cv-00052 (E.D. Va.);

- *Belknap v. Partners Healthcare System, Inc.,* No. 1:19-cv-11437 (D. Mass.);

- *Cruz v. Raytheon Co.,* No. 1:19-cv-11425 (D. Mass.);

- *Smith v. Rockwell Automation Inc.,* No. 2:19-cv-00505 (E.D. Wisc.);

- *Brown v. United Parcel Service, Inc.,* No. 1:20-cv-00460-MLB (N.D. GA);

- *Berube v. Rockwell Automation Inc.,* No. 2:20-cv-01783 (E.D. Wisc.); and

- *Shafer v. Morgan Stanley,* 1:20-cv-11047 (S.D.N.Y.).

Moreover, IKR was also appointed to the Steering Committee in *Tittle v. Enron Corp.,* No. H-01-3913 (S.D. Tex.); *In re Electronic Data Systems ERISA Litig.,* 3:02-CV-1323 (E.D. Tex.); and *In re Marsh ERISA Litig.,* Master File No. 04 CV 8157 (S.D.N.Y.).

Some notable successes include settlements against the Franciscan Missionaries of Our Lady Health System ($125 million), Saint Francis Hospital & Medical Center ($107 million), AOL Time Warner ($100 million); Wells Fargo ($79 million); Tyco International ($70.5 million); Raytheon ($59 million); Merck ($49.5 million); Cardinal Health ($40 million); and AT&T ($29 million). Moreover, IKR was on the Executive Committee in *In re Enron Corporation Securities and ERISA Litig.*, No. 02-13624 (S.D. Tex.), which resulted in a recovery in excess of $250 million. In *Morales v. Conopco Inc., d/b/a Unilever,* the Court noted that the Settlement IKR negotiated achieved the "'key goal" of discontinuing sales of the challenged products under the "naturals"

label as well as providing Class Members with damages that were "greater than the economic damages suffered per product purchased." *Morales v. Conopco, Inc.,* No. 2:13-2213 WBS EFB, 2016 WL 6094504, at *6 (E.D. Cal. Oct. 18, 2016).

IKR's successful prosecution of class actions has been recognized and commended by judges in numerous judicial districts.  In the *Tyco ERISA* litigation, Judge Barbadoro commented:

> I have absolutely no doubt here that the settlement is fair, reasonable and adequate.  I think, frankly, it's an extraordinary settlement given the circumstances of the case and the knowledge that I have about the risks that the plaintiff class faced in pursuing this matter to verdict . . . . [I]t was a very, very hard fight and they made you work for everything you obtained on behalf of the Class here....
>
> I have a high regard for you. I know you to be a highly experienced ERISA class action lawyer. You've represented your clients aggressively, appropriately and effectively in this litigation, and I have a high degree of confidence in you so I don't think there's any question that the quality of counsel here is a factor that favor's the Court's endorsement of the proposed settlement. . . .
>
> I have enjoyed working with you in this case. You've always been helpful. You've been a gentleman. You've been patient when I've been working on other matters. .

*In re Tyco Int'l Ltd. Sec. Litig.*, Case No. 02-1335 (D.N.H. Nov. 18, 2009).  Similarly, in approving the Sprint ERISA settlement, Judge Lungstrum found, "[t]he high quality of [IKR's] work culminated in the successful resolution of this complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ." *In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan. Aug. 3, 2006).  A Special Master appointed in the AOL Time Warner ERISA case commented that obtaining an additional $30 million for the class stood out as "some of the hardest work and most outstanding results" obtained by IKR and its co-counsel.  *In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master

dated August 7, 2007.  The District Court's decision approving the settlement negotiated by IKR in the St. Francis litigation similarly found the result to be "an extremely favorable one for the class," noting that the recovery achieved by the settlement represented over 76 percent of the amount by which the retirement plan was alleged to be underfunded.  *Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.,* No. 15-CV-1113 (VAB), 2016 WL 6542707, at *10 (D. Conn. Nov. 3, 2016).  The Court also noted that IKR's time and efforts "resulted in an extremely efficient and favorable resolution of the case." *Id.* at *5.

## A<small>TTORNEYS</small>

**Robert A. Izard** heads the firm's ERISA team and has been lead or co-lead counsel in many of the nation's most significant ERISA class actions, including cases against Raytheon, Wells Fargo, JP Morgan, Metropolitan Life, United Healthcare, Cigna, Merck, Time Warner, AT&T, Fidelity, Prudential and John Hancock among others. Mr. Izard has substantial experience in other types of complex class action and commercial litigation matters.  For example, he represented a class of milk purchasers in a price fixing case. He also represented a large gasoline terminal in a gasoline distribution monopolization lawsuit.

As part of his thirty-five plus years litigating complex commercial cases, Mr. Izard has substantial jury and nonjury trial experience, including a seven-month jury trial in federal district court. He is also experienced in various forms of alternative dispute resolution, including mediation and arbitration.

Mr. Izard is the author of Lawyers and Lawsuits: A Guide to Litigation published by Simon and Schuster and a contributing author to the Mediation Practice Guide.  He is the former Chair of the Commercial and Business Litigation Committee of the Litigation Section of

the American Bar Association. He is listed in Best Lawyers in the areas of ERISA and antitrust litigation. He is listed in Super Lawyers in the areas of class action and business litigation.

Mr. Izard received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif and was an editor of the Emory Law Journal.

*Craig A. Raabe* joined the partnership in 2016 from a large, regional law firm, where he previously served as the chair of the litigation department. Mr. Raabe has a nationwide practice and has tried many complex civil and criminal cases and prosecuted and defended many class actions. He is a Fellow in the American College of Trial Lawyers. The Best Lawyers in America© (Copyright by Woodward/White, Inc., Aiken, SC) has named Mr. Raabe as the regional "Lawyer of the Year" in the areas of Bet-the-Company Litigation, Antitrust Litigation (3 times), White-Collar Criminal Defense, and Intellectual Property Litigation. He also has been listed generally in The Best Lawyers in America© since 2006, most recently in seven disciplines: Bet-the-Company Litigation, Antitrust Litigation, Commercial Litigation, White-Collar Criminal Defense, General Criminal Defense, Intellectual Property Litigation, and Regulatory Enforcement (SEC, Telecom, Energy) Litigation. Chambers and Partners© has named Mr. Raabe to its highest level of recognition, Band 1, in the area of General Commercial Litigation and White-Collar Crime and Government Investigations. In addition, he has been honored repeatedly as one of the Top 10 Lawyers in Connecticut by Super Lawyers® 2022 (Super Lawyers is a registered trademark of Key Professional Media, Inc.).

Mr. Raabe's commercial trial experience is broad and includes areas such as antitrust, government contracting, fraud, intellectual property, and unfair trade practices. He also has

tried many serious felony criminal cases in state and federal court and is active in the criminal defense trial bar. In addition to his trial practice, Mr. Raabe also counsels clients on compliance issues and the resolution of regulatory enforcement actions by government agencies.

By appointment of the chief judge of the Second Circuit, Mr. Raabe has served on the Reappointment Committee for Connecticut's Federal Defender. The chief judge of the Connecticut district court appointed him to chair the United States Magistrate Reappointment Committee, to serve on the Merit Selection Panel for Magistrate Judges and to serve on the District Criminal Justice Act Committee. The Connecticut district court judges also selected Mr. Raabe for the district's Pro Bono Award for his service to indigent clients. In addition, he has been listed repeatedly as one of the Top 10 Lawyers in Connecticut by Super Lawyers® 2022 (Super Lawyers is a registered trademark of Key Professional Media, Inc.).

Mr. Raabe is admitted to practice in the U.S. Supreme Court, the Courts of Appeals for the First, Second, and D.C. Circuits, the U.S. District Courts for Connecticut and the Eastern and Southern Districts of New York, the U.S. Tax Court and the state of Connecticut. He is an honors graduate of Valparaiso University and Western New England College of Law, where he served as Editor-in-Chief of the Law Review. Following graduation, Mr. Raabe served as the law clerk for the Honorable Arthur H. Healey of the Connecticut Supreme Court.

Mr. Raabe is a commercial, instrument-rated pilot and is active in general aviation. He serves as a volunteer pilot for Angel Flight Northeast, which provides free air transportation to people requiring serious medical care.

    ***Seth R. Klein*** has been an attorney at Izard Kindall & Raabe LLP for nearly twenty years, focusing on both class action and complex civil litigation in areas including ERISA, consumer protection, securities and antitrust law.

    In recent years Mr. Klein's class action work has resulted in significant class-wide recoveries. For example, in Paetzold v. Metropolitan District Commission (Conn. Super.), his team successfully recovered full damages against a quasi-public agency for wrongful excess billing of water customers. He also worked on the successful recovery of tens of millions of dollars for consumers wrongfully charged excessive electricity rates by several different third-party suppliers in Richards v. Direct Energy Services LLC (D. Conn.); Edwards v. North American Power & Gas LLC (D. Conn); Sanborn v. Viridian Energy, Inc. (D. Conn.); Chandler v. Discount Power (Conn. Super.); Gruber v. Starion Energy, Inc. (Conn. Super.); and Jurich v. Verde Energy USA, Inc. (Conn. Super.).

    In addition, Mr. Klein has worked on teams that have successfully represented high net worth individuals on complex civil matters as both plaintiff and defendant, including at trial.

    Mr. Klein's current class cases include litigation against several of the largest United States real estate companies for the alleged charging of anticompetitive commissions (Nosalek v. MLS Property Information Network (D. Mass)) and several class actions against companies alleged to have overcharged patients for medical and prescription drug benefits (Negron v. Cigna Health and Life Insurance Company (D. Conn.); Neufeld v. Cigna Health and Life Insurance Company (D. Conn.); Bennett v. Blue Cross and Blue Shield of Louisiana (M.D. La.); Mohr-Lercara v. Oxford Health Ins., Inc. (S.D.N.Y.); and Sohmer v. UnitedHealth Group Inc. (D. Minn.)).

Mr. Klein also continues to represent individual clients in complex civil matters, including representation of an unjustly convicted former inmate to recover damages for the police misconduct that led to his wrongful imprisonment. He also is representing a regulated entity against the Connecticut Department of Banking in a variety of complex administrative and court proceedings.

Prior to joining Izard Kindall and Raabe, Mr. Klein was associated with the reinsurance litigation group at Cadwalader, Wickersham & Taft LLP in New York, where he focused on complex business disputes routinely involving hundreds of millions of dollars. Before that, Mr. Klein served as an Assistant Attorney General for the State of Connecticut, where he specialized in consumer protection matters and was a founding member of the office's electronic commerce unit. Mr. Klein is a 1996 graduate of the University of Michigan law school and clerked for the Hon. David M. Borden of the Connecticut Supreme Court upon graduation.

***Douglas P. Needham*** represents plaintiffs in class actions cases under ERISA and consumer protection statutes concerning pension calculations, fees and investments in 401(k) plans, and insurance rates and coverage.  He has litigated class actions cases against some of America's largest companies about ERISA's vesting rules, 401(k) plan investments and how corporate transactions affect participants' benefits, and has obtained significant class-wide recoveries.

Mr. Needham works extensively with experts in the fields of actuarial science, finance and economics to apply the ERISA statute to novel issues and complex annuity and financial products. Since 2018, he has taken a leading role in developing and litigating cases around the country involving the payment of actuarially equivalent pension benefits under ERISA.  These

cases include Cruz v. Raytheon, a case in the District of Massachusetts that settled in 2021 by providing class members increased pension benefits valued at more than $59 million, as well as Herndon v. Huntington Ingalls Industries, Inc. (E.D. Virginia), Masten v. Metropolitan Life Insurance Company (S.D. New York), Berube v. Rockwell Automation, Inc. (E.D. Wisconsin), and Belknap v. Partners Healthcare System, Inc. (D. Massachusetts).

In Berry v. Wells Fargo, 2020 WL 9311859 (D.S.C. July 29, 2020), Mr. Needham litigated whether a plan was improperly claiming "top hat" status under ERISA. In approving the $79 million settlement, the court found it was "the largest recovery in a 'top hat' case in the history of ERISA" and was the result of "displayed extraordinary skill and determination."  Mr. Needham is also co-counsel for the class in Stegemann v. Gannett, 970 F.3d 465 (4th Cir. 2020), a case about a single-stock fund in a 401(k) plan that clarified the pleading standards for claims under ERISA's duties of prudence and diversification that Law360 called one of the "most significant" ERISA decisions of 2020.

Before joining Izard, Kindall & Raabe in 2016, Mr. Needham was a partner in a large national law firm, where he represented clients in cases involving business torts, claims for breach of fiduciary duty and fraud in Connecticut, New York, and Massachusetts.

Mr. Needham received his J.D. from Boston University School of Law in 2007 and his B.S. from Cornell University in 2004, where he received numerous academic honors, was a Cornell Tradition Fellow and an All-Ivy player on the men's lacrosse team.  He is a board member for his town's lacrosse program, the risk manager for his town's soccer program and the co-founder and treasurer of a charitable foundation that provides college scholarships to graduates of his high school alma mater.

*Christopher M. Barrett* is an attorney at Izard, Kindall & Raabe, LLP where his practice focuses on representing plaintiffs in class actions against large companies, representing clients in complex civil litigation, and defending and counseling white collar criminal defendants.

Mr. Barrett is a member of teams currently prosecuting class actions against companies alleged to have overcharged patients for medical and prescription drug benefits, including: Negron v. Cigna Health and Life Insurance Company; Neufeld v. Cigna Health and Life Insurance Company; Bennett v. Blue Cross and Blue Shield of Louisiana; Mohr-Lercara v. Oxford Health Ins., Inc.; and Sohmer v. UnitedHealth Group Inc.  Mr. Barrett is also a member of a team prosecting claims alleging antitrust violations against some of the largest real estate companies in the country, in Nosalek v. MLS Property Information Network et al.

He has previously been involved in the prosecution of numerous successful class actions in which over $150 million dollars have been recovered for class members, including: Paetzold v. Metropolitan District Commission ($7.7 million, representing 100% of class losses); Medoff v. CVS Caremark Corp. ($48 million recovery); Citiline Holdings, Inc. v. iStar Fin. Inc. ($29 million recovery); Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC ($14 million recovery); In re Delphi Fin. Group Shareholder Litigation ($49 million recovery); and In re OSG Sec. Litigation ($34 million recovery, representing 93% of bond purchasers' damages and 28% of stock purchasers' damages).

Mr. Barrett also represents plaintiffs who are unable to afford legal counsel. He has served as trial counsel in significant federal felony cases and as a volunteer attorney on the District of Connecticut's Civil Pro Bono Panel.

Prior to joining Izard, Kindall & Raabe, Mr. Barrett was associated with Robbins Geller Rudman & Dowd, where his practice focused on prosecuting class actions on behalf of plaintiffs, and Mayer Brown, where his practice focused on complex commercial litigation.

Mr. Barrett is a member of the Connecticut and New York bars and is admitted to practice in the District of Connecticut, the Southern District of New York, the Eastern District of New York, and the Court of Appeals for the Second Circuit.

In 2015 through 2020, Mr. Barrett was recognized by Super Lawyers magazine as a Rising Star. Mr. Barrett received his J.D., magna cum laude from Fordham University School of Law where he served as a member of the Fordham Law Review and was inducted into the Order of the Coif and the honor society Alpha Sigma Nu. For his work in the law school's law clinic, he was awarded the Archibald R. Murray Public Service Award. He earned his B.S. in Finance from Long Island University. During law school, Mr. Barrett served as a judicial intern to United States District Judge Shira Sheindlin (S.D.N.Y.), United District Judge Thomas Platt (E.D.N.Y.) and New York Supreme Court Justice Stephen Bucaria.

**Practice areas**

- Class actions on behalf of plaintiffs
- ERISA and benefits litigation
- Healthcare litigation
- White collar defense
- Complex civil litigation
- Civil rights litigation

# EXHIBIT B

**QUINNIPIAC UNIVERSITY (*Metzner*)**

**Lodestar Report for Izard, Kindall & Raabe, LLP (inception through 2/15/2023)**

| Attorney | Years of Practice | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Mark P. Kindall | 34 | $ 850 | 1.50 | $1,275.00 |
| Craig A. Raabe | 35 | $ 850 | 48.55 | $41,267.50 |
| Seth R. Klein | 26 | $ 750 | 1.00 | $750.00 |
| Douglas P. Needham | 15 | $ 650 | 0.50 | $325.00 |
| Christopher M. Barrett | 12 | $ 550 | 0.50 | $275.00 |
| Eileen McGee | Paralegal | $ 180 | 0.50 | $90.00 |
| Jude Reid | Paralegal | $ 180 | 1.50 | $270.00 |
| **Total** | | | **54.05** | **$44,252.50** |

**Izard, Kindall & Raabe, LLP**
**QUINNIPIAC UNIVERSITY (*Metzner*) - IKR Lodestar Report by Employee Detail**
Activity: All Dates (Inception thru 2/15/23)

| Column1 | Activity Date | Memo/Description | Rates | Duration | Amount |
|---|---|---|---|---|---|
| *Craig A. Raabe | 06/03/2020 | Analyze draft complaint; confs re same; emails re same. | 850.00 | 1 | 850.00 |
| *Craig A. Raabe | 06/05/2020 | Confs and emails re case filing; attn to orders re same. | 850.00 | 1 | 850.00 |
| *Craig A. Raabe | 06/09/2020 | Attn to press inquiries. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 06/11/2020 | Attn to pleadings and orders. | 850.00 | 0.3 | 255.00 |
| *Craig A. Raabe | 06/15/2020 | Attn to pleadings and summons. | 850.00 | 0.3 | 255.00 |
| *Craig A. Raabe | 06/17/2020 | Attn to extension request; emails re status and strategy. | 850.00 | 0.4 | 340.00 |
| *Craig A. Raabe | 06/22/2020 | Emails re class member inquiry. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 08/04/2020 | Emails re amendment issues. | 850.00 | 0.4 | 340.00 |
| *Craig A. Raabe | 08/07/2020 | Emails re 26(f). | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 08/12/2020 | Emails re 26(f) issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/14/2020 | Emails re 26(f) report. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/17/2020 | Emails re status. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 08/25/2020 | Analyze MTD. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 09/11/2020 | Analyze opposition to motion to stay; emails re same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 09/14/2020 | Analyze amended complaint; emails re same; file same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 09/17/2020 | Attn to pleadings. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 09/21/2020 | Emails re extension; attn to orders re amended complaint. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/05/2020 | Analyze motion to dismiss. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 10/12/2020 | Analyze renewed motion to stay. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/13/2020 | Attn to scheduling order. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/15/2020 | Draft opposition to renewed motion to stay. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 10/16/2020 | Emails re renewed motion to stay. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/25/2020 | Analyze MOL in opposition to MTD; email re same. | 850.00 | 1 | 850.00 |
| *Craig A. Raabe | 10/26/2020 | Emails re MOL in opposition to MTD. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/03/2020 | Zoom prep session; emails re same. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/04/2020 | Edit supplemental authority submission. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/09/2020 | Conduct hearing on motion to stay. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 11/12/2020 | Analyze motion to stay ruling; attn to MTD hearing notices; emails re same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 11/20/2020 | Attn to pro hac vice motions. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 12/01/2020 | Draft discovery. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 12/02/2020 | Attend MTD hearing; emails re same; analyze 26(f) report. | 850.00 | 1 | 850.00 |
| *Craig A. Raabe | 12/03/2020 | Attn to 26(f) report. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 12/09/2020 | Analyze court orders; emails re same. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 12/10/2020 | Emails re scheduling issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 12/18/2020 | Emails re extension request. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 12/21/2020 | Emails re 26(f) issues. | 850.00 | 0.25 | 212.50 |

| *Craig A. Raabe | 12/28/2020 | Attn to initial disclosures. | 850.00 | 0.25 | 212.50 |
|---|---|---|---|---|---|
| *Craig A. Raabe | 12/30/2020 | Attn to initial disclosures. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 01/04/2021 | Emails re supplemental authority; review filing re same. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 01/08/2021 | Analyze initial disclosures. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 01/14/2021 | Attn to order re supplemental briefing. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 01/29/2021 | Analyze D's discovery responses; analyze supplemental memo re standing. | 850.00 | 0.75 | 637.50 |
| *Craig A. Raabe | 02/10/2021 | Emails re discovery extension. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/01/2021 | Emails re discovery; res re case law developments. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 03/05/2021 | Attn to notice of supplemental authority. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/22/2021 | Attn to supplemental authority. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/25/2021 | Analyze ruling on MTD; emails re same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 03/26/2021 | Tele conf re MTD ruling; emails re same. | 850.00 | 0.4 | 340.00 |
| *Craig A. Raabe | 03/29/2021 | Emails re discovery issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 04/08/2021 | Emails re discovery issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 04/09/2021 | Analyze answer; tele conf re same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 04/20/2021 | Emails re discovery issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 04/23/2021 | Emails re discovery issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 04/26/2021 | Emails re stipulations. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 05/05/2021 | Emails re stipulation. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 05/06/2021 | Emails re discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 05/17/2021 | Attn to doc production. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 05/21/2021 | Emails re doc production. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/02/2021 | Emails re scheduling motion; draft same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 06/03/2021 | Attn to revised scheduling motion; emails re same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 06/09/2021 | Emails re schedule; attn to extension motion. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/10/2021 | Attn to scheduling order. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/16/2021 | Emails re meet and confer issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/23/2021 | Emails re draft orders and discovery. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 07/09/2021 | Emails re PO and ESI issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 07/28/2021 | Emails re ESI issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/02/2021 | Emails re ESI and confidentiality issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/13/2021 | Emails re discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/17/2021 | Attn to ESI order. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 09/13/2021 | Emails re discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 09/14/2021 | Emails re discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 09/15/2021 | Emails re discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/13/2021 | Attn to QU document production. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 10/20/2021 | Attn to QU production. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 10/22/2021 | Attn to QU document production. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 01/24/2022 | Attn to discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 02/04/2022 | Emails re discovery. | 850.00 | 0.25 | 212.50 |

| | | | | | |
|---|---|---|---|---|---|
| *Craig A. Raabe | 02/10/2022 | Attn to extension of scheduling order and email re same. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 02/23/2022 | Emails re status conf; attend same; attn to order re scheduling. | 850.00 | 0.75 | 637.50 |
| *Craig A. Raabe | 03/03/2022 | Attn to discovery issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/18/2022 | Emails re depos. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/24/2022 | Tele conf re settlement issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/25/2022 | Emails re discovery. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 03/29/2022 | Emails re discovery issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 04/01/2022 | Tele conf re settlement issues; emails re same. | 850.00 | 0.4 | 340.00 |
| *Craig A. Raabe | 04/04/2022 | Tele conf re settlement issues. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 04/05/2022 | Attn to settlement demand. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 04/18/2022 | Emails re discovery issues. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 04/22/2022 | Tele conf Atty Heath re potential settlement. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 05/10/2022 | Attn to order re scheduling. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 05/31/2022 | Email re discovery. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 06/06/2022 | Tele confs Atty Heath and co-counsel re settlement; emails re same. | 850.00 | 0.6 | 510.00 |
| *Craig A. Raabe | 06/09/2022 | Attn to order re status conf. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 06/13/2022 | Email re status conf; attend same; attn to order re same. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 06/20/2022 | Attn to supplemental notice. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/23/2022 | Attn to stipulation re mediation. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/24/2022 | Emails re mediation and motion to stay. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/27/2022 | Emails re mediation. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/28/2022 | Attn to mediation orders; emails re same. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 06/29/2022 | Attn to supplemental notice. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 07/05/2022 | Emails re M&C. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 07/08/2022 | Emails re settlement status call and possible settlement conference dates. | 850.00 | 0.4 | 340.00 |
| *Craig A. Raabe | 07/11/2022 | Tele conf w/ Mag. Spector; attn to orders re settlement conf. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 08/11/2022 | Emails re status conf. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/24/2022 | Attn to settlement demand. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 08/31/2022 | Analyze demand and counter offer. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 09/23/2022 | Emails re settlement issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 09/26/2022 | Attn to scheduling order re settlement conf. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 10/03/2022 | Attend settlement conf; review term sheet; emails re same. | 850.00 | 5.5 | 4,675.00 |
| *Craig A. Raabe | 10/06/2022 | Email re class cert proceedings. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 10/10/2022 | Email re QU's lack of consent to magistrate proceedings. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 10/18/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/20/2022 | Emails re revised settlement agreement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 10/21/2022 | Emails re settlement. | 850.00 | 0.2 | 170.00 |
| *Craig A. Raabe | 10/26/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/03/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/09/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/15/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |

| Name | Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| *Craig A. Raabe | 11/17/2022 | Emails re settlement issues. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 11/18/2022 | Emails re settlement issues; review settlement docs. | 850.00 | 0.5 | 425.00 |
| *Craig A. Raabe | 11/21/2022 | Analyze settlement docs; emails re same. | 850.00 | 0.7 | 595.00 |
| *Craig A. Raabe | 11/22/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/28/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 11/30/2022 | Emails re settlement; draft settlement materials. | 850.00 | 1 | 850.00 |
| *Craig A. Raabe | 12/01/2022 | Emails re settlement. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 12/02/2022 | Analyze settlement docs; emails re same. | 850.00 | 0.75 | 637.50 |
| *Craig A. Raabe | 12/07/2022 | Emails re status conf. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 12/12/2022 | Tele conf re preliminary approval issues. | 850.00 | 0.25 | 212.50 |
| *Craig A. Raabe | 01/23/2023 | VM and emails re potential objector. | 850.00 | 0.25 | 212.50 |
| **Total for *Craig A. Raabe** | | | 850.00 | **48.55** | **41,267.50** |
| | | | | | |
| Christopher M. Barrett | 12/07/2020 | Preparing and filing notice of additional authority. | 550.00 | 0.5 | 275.00 |
| **Total for Christopher M. Barrett** | | | 550.00 | **0.5** | **$ 275.00** |
| | | | | | |
| Douglas P. Needham | 08/17/2020 | Review 26f report drafts | 650.00 | 0.5 | 325.00 |
| **Total for Douglas P. Needham** | | | 650.00 | **0.5** | **$ 325.00** |
| | | | | | |
| Eileen A. McGee | 09/14/2020 | Attention to efiling and saving First Amended Class Action Complaint and exhibits; emails re same. | 180.00 | 0.5 | 90.00 |
| **Total for Eileen A. McGee** | | | 180.00 | **0.5** | **$ 90.00** |
| | | | | | |
| Jude L. Reid | 06/05/2020 | File Complaint for CAR & SRK | 180.00 | 0.5 | 90.00 |
| Jude L. Reid | 10/21/2020 | File Memorandum of Law in Opposition to Motion to Dismiss for CAR | 180.00 | 0.25 | 45.00 |
| Jude L. Reid | 11/19/2020 | Review Motion for Pro Hac and Affidavits from co-counsel, offer revisions, and file for CAR | 180.00 | 0.5 | 90.00 |
| Jude L. Reid | 07/07/2022 | Review and file Pro Hac for CAR | 180.00 | 0.25 | 45.00 |
| **Total for Jude L. Reid** | | | 180.00 | **1.5** | **$ 270.00** |
| | | | | | |
| Mark Kindall | 06/02/2020 | Review complaint; research; corresp. re same | 850.00 | 0.75 | 637.50 |
| Mark Kindall | 08/18/2020 | check calendar; contact lead counsel | 850.00 | 0.25 | 212.50 |
| Mark Kindall | 03/26/2021 | Review/analyze court order on MTD; corresp. re same. | 850.00 | 0.5 | 425.00 |
| **Total for Mark Kindall** | | | 850.00 | **1.5** | **$ 1,275.00** |
| | | | | | |
| Seth R. Klein | 06/03/2020 | Fact research | 750.00 | 0.5 | 375.00 |
| Seth R. Klein | 06/05/2020 | Review complaint & filing papers; coordination w/ EM, JR re: filing | 750.00 | 0.5 | 375.00 |
| **Total for Seth R. Klein** | | | 750.00 | **1** | **$ 750.00** |
| | | **TOTALS** | | **54.05** | **$ 44,252.50** |

# EXHIBIT C

**QUINNIPIAC UNIVERSITY (*Metzner*)**

**Expense Report for Izard, Kindall & Raabe, LLP (inception through 2/15/2023)**

| Category | Amount |
|---|---|
| Court Fees | $1,600.00 |
| Sheriff/Service Fees | $94.45 |
| Research/Discovery | $17.20 |
| Postage & Delivery | $18.44 |
| **Total Expenses** | **$1,730.09** |

**Izard, Kindall & Raabe, LLP**
**QUINNIPIAC UNIVERSITY (*Metzner*) - IKR Expense Report**
All Dates (Inception through 2/15/2023)

| Column1 | Date | Memo/Description | Amount |
|---|---|---|---|
| **Costs re Case** | | | |
| **Court Costs** | | | |
| | 06/05/2020 | Quinnipiac - USDC CT Filing Fee - Complaint | 400.00 |
| | 06/15/2020 | Quinnipiac - USDC CT PHV Filing Fees - Attorneys Kurowski, Berman & Siehl | 600.00 |
| | 11/20/2020 | Quinnipiac - USDC CT PHV Filing Fees - Sarah N. Westcot & Alec M. Leslie - $400 | 400.00 |
| | 07/07/2022 | Quinnipiac - USDC CT PHV Filing Fee - Joshua D. Arisohn | 200.00 |
| **Total for Court Costs** | | | **$   1,600.00** |
| **Research/Discovery** | | | |
| | 08/26/2020 | PACER Research - Quinnipiac University | 0.30 |
| | 10/12/2020 | PACER Research - Quinnipiac University | 14.10 |
| | 04/13/2022 | PACER Research - Quinnipiac University | 1.60 |
| | 02/08/2023 | PACER Research - Quinnipiac University | 1.20 |
| **Total for Research/Discovery** | | | **$   17.20** |
| **Sheriff\Service Fees** | | | |
| | 07/08/2020 | Quinnipiac - CT Marshal Barbieri Inv 20388 - Service of Complaint | 94.45 |
| **Total for Sheriff\Service Fees** | | | **$   94.45** |
| | | | |
| **Postage and Delivery** | | | |
| | 06/22/2020 | Quinnipiac - FedEx Inv 7-038-33970 - 6/8/19 Shipment to State Marshal John Barbieri re Service of Complaint | 18.44 |
| **Total for Postage and Delivery** | | | **$   18.44** |
| **TOTAL EXPENSES** | | | **$   1,730.09** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that on February 27, 2023, I filed this document through the Court's CM/ECF system, which caused this document to be served electronically to all counsel of record. In addition, I directed true and correct copies of this document and all attachments thereto to be uploaded to the "Important Documents" section of this case's Settlement Website for public viewing, available at https://www.qusettlement.com/documents.

<i>/s/ Daniel J. Kurowski</i><br>
Daniel J. Kurowski