UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZOEY METZNER and DOMINIC GRAVINO, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>QUINNIPIAC UNIVERSITY,<br><br>     Defendant. | No. 3:20-cv-00784-KAD |

**FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

  WHEREAS, a class action is pending before the Court entitled *Metzner, et al. v. Quinnipiac University*, No. 3:20-cv-00784-KAD; and

  WHEREAS, Plaintiffs Zoey Metzner and Dominic Gravino and Defendant Quinnipiac University have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No. 118-1); and

  WHEREAS, on December 16, 2022, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "[a]ll Quinnipiac undergraduate and graduate students for whom any amount of tuition and/or fees was paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non-Quinnipiac scholarship) to Defendant for the Spring 2020 Semester, and whose tuition and fees have not been refunded in their entirety" (ECF No. 125 at ¶ 9); and

  WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement, as

well as Plaintiffs' Motion for Final Approval of the Settlement Agreement, Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, And Incentive Awards, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members, defined as: All Quinnipiac undergraduate and graduate students for whom any amount of tuition and/or fees was paid from any source (e.g., the student's own funds, funding from a parent or other family member, loan, or non-Quinnipiac scholarship) to Defendant for the Spring 2020 Semester, and whose tuition and fees have not been refunded in their entirety.[1]

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval (ECF No. 125) – including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) Quinnipiac undergraduate or graduate students that received a full Quinnipiac scholarship for the Spring 2020 Semester.

requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing. The Notice constituted due, adequate and sufficient notice to all Settlement Class Members, and met all applicable requirements of the Federal Rules of Civil Procedure, and the Due Process Clause of the United States Constitution.

4. Three individuals – listed at Paragraph 19 of the Declaration of Ryan Bahry – have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed after Defendant provided notice pursuant to CAFA prior to the Final Approval Hearing. None of the officials to whom notice was given under CAFA has filed an objection to the Settlement or otherwise sought to be heard.

6. The Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court confirms as final its conditional certification of the

Settlement Class as stated in the Preliminary Approval Order (ECF No. 125 ¶ 9).

7. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

8. The Court has specifically considered the factors relevant to class action settlement approval. *See* Fed. R. Civ. P. 23(e); *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). The Court finds that:

> (a) the Settlement was the product of informed, good-faith, arms' length, and lengthy negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator;
>
> (b) the case was complex, expensive and time consuming and would have continued to be so through trial if the case had not settled, resulting in

substantial delay before any Settlement Class Members would receive compensation if the litigation were successful;

(c) the Settlement Class would have faced numerous and substantial risks in obtaining certification of a litigation class, and in establishing liability and/or damages if they decided to continue litigation rather than settle;

(d) the benefits provided to Settlement Class Members under the Settlement Agreement are well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued;

(e) the benefits of the Settlement treat Settlement Class Members equitably relative to each other, as all Settlement Class Members are eligible for the same benefits, all Settlement Class Members made payments to QU substantially larger than the amounts recovered as part of the Settlement, and it was not feasible to provide individualized payments;

(f) the method of distributing relief to the Settlement Class is fair and reasonable and being conducted by an experienced and neutral Settlement Administrator;

(g) the proposed award of attorney's fees is to be paid separately from and does not affect the relief to be provided to the Settlement Class; and

(h) the proposed settlement was well-received by the Settlement Class.

9. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and

implementing the Settlement Agreement.

10. The Court held a Final Approval Hearing on April 10, 2023 at 10:00 a.m., giving the Parties and any Settlement Class Members present an opportunity to be heard if they so desired.

11. Accordingly, the Settlement is hereby finally approved in all respects.

12. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

13. This Court hereby dismisses this Action, on the merits and with prejudice.

14. Upon the Effective Date of the Settlement Agreement, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations shall be deemed to have released Defendant, as well as any and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and all of their respective current, future, and former employees, officers, directors, shareholders, assigns, agents, trustees, administrators, executors, insurers, and attorneys from any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to,

all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted (including "Unknown Claims," as defined in the Settlement Agreement), arising out of or in any way allegedly related to QU tuition, fees and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action.

15. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action or arbitration in any jurisdiction based on or arising out of any of the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16. The Court has also considered Plaintiffs' Motion For Attorneys' Fees, Costs, Expenses, And Incentive Awards, as well as the supporting memorandum of law and declarations (ECF No. 127), and adjudges that the payment of attorneys' fees and costs in the amount of $833,333.33 is reasonable in light of the multi-factor test used to evaluate fee awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). This award includes Class Counsel's unreimbursed litigation costs and expenses. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement

Agreement.

17. The Court has also considered Plaintiffs' Motion, memorandum of law, and supporting declarations for incentive awards to the Class Representatives, Zoey Metzner and Dominic Gravino. (ECF No. 127-1). The Court adjudges that the payment of incentive awards in the amount of $3,000 each to Ms. Metzner and Mr. Gravino to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

18. All payments made to Settlement Class Members pursuant to the Settlement Agreement via checks that are not cashed within one hundred eighty (180) days of issuance, and any remaining funds in the Settlement Fund after distribution of all Cash Awards and Settlement Administration Expenses, shall be paid by the Settlement Administrator to Defendant for the direct benefit of the students of Quinnipiac University through the Quinnipiac University Financial Aid Appeals Fund. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

19. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Releasees may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement may not be the subject of discovery, and may not be referred to, or offered or received in evidence against any of the Releasees in any civil, criminal or administrative action or proceeding, except by the Parties for purposes of enforcing the Settlement Agreement.

20. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not materially alter the rights of Settlement Class Members.

21. Without affecting the finality of this Final Judgment for purposes of appeal, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

22. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this ___ 10th day of April ___, 2023.

                                        /s/ Kari A. Dooley
                                     _____
                                     The Honorable Kari A. Dooley
                                     United States District Judge